JAMES P. MILLER, PLAINTIFF IN ERROR, v. MORGAN & GALLAGHER, DEFENDANTS IN ERROR.

Sale: FRAUD: RETENTION OF POSSESSION BY SELLER. The retention of the possession of goods sold by the seller is merely *prima facie* evidence of fraud which may be entirely rebutted.

ERROR to the district court of York county.

*Galey & Abbott*, for plaintiff in error.

*France & Sedgwick*, for defendants in error.

MAXWELL, CH. J.

In December, 1878, one B. F. Knapp, the owner of a store in York county, being indebted to the defend-

ants in error in the sum of $926, sold them all the goods belonging to him in the store for the sum of about $600, which amount was to be credited on the indebtedness. There was no change in the possession of the goods. Knapp continued to sell the same in the ordinary course of business, claiming to be acting as the agent of the defendants in error. In January, 1879, an action by attachment was commenced against Knapp, and the goods in question were levied upon as his property. The defendants in error thereupon re-plevied the goods from the sheriff, plaintiff in error. On the trial of the cause a jury was waived and the cause submitted to the court, which found in favor of the defendants in error, and assessed their damages at the sum of $5. The plaintiff in error thereupon filed a motion for a new trial, which being overruled, he now brings the cause into this court by petition in error.

The questions involved in the case were passed upon by this court in the case of *Robison v. Uhl*, 6 Neb., 328, and *Tomer v. Densmore*, ante p. 120. It was held in those cases that the statute had changed the common law rule, and that the retention of the possession by the seller of the goods sold was only *prima facie* evidence of fraud, which might be entirely rebutted by circumstances. But in such case it devolves upon the purchaser to prove to the court or jury that he is a *bona fide* purchaser. This the defendants in error introduced evidence to establish, and a clear preponderance of the testimony sustains the finding. There is no error in the record. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.