JOHN P. BECKER AND OTHERS, APPELLANTS, V. LAFAY-
ETTE ANDERSON, APPELLEE.

**Chattel Mortgage.**  Where the statute provides that a chattel mortgage shall be void "as against the creditors of the mortgagee" unless the mortgage or a true copy thereof shall be filed *and recorded* as directed by law, and the mortgagor dies in possession of the property, leaving an insolvent estate, *Held,* 1. That under the law in force in 1875, a chattel mortgage must be acknowledged to entitle it to be recorded.  2. That the mortgage being void as to creditors, the mortgaged property became assets in the hands of the executor for the payment of debts of the estate.

APPEAL from the district court of Platte county.
Tried below before POST, J.

*A. C. Turner* and *Byron Millett,* for appellants, cited *Hooker v. Hammill,* 7 Neb., 231.   Gen. Stat., sec. 17, 875. *Irwin v. Welch,* 10 Neb., 479.   *Kilbourn v. Fay,* 29 Ohio State, 264.   Bump on Fraud, 2d Ed., 514.   *Blakeslee*

*v. Rossman*, 43 Wis., 116.    *Robbins v. Parker*, 3 Met., 117.    *Russell v. Winne*, 37 N. Y., 591.

*Whitmoyer & Gerrard* and *E. Wakeley*, for appellee, cited *Alvis v. Morrisen*, 63 Ill., 181.    *Schroder v. Keller*, 84 Ill., 46.    *Shaller v. Brand*, 6 Binney, 438.    *Merriam v. Harsen*, 2 Barb. Ch., 232.    *Seal v. Duffy*, 4 Penn. State, 274.    Williams on Executors, 1679.    Herman, Chattel Mortgages, 154.

MAXWELL, CH. J.

This is an action by two creditors of the estate of Lester C. Platt, to cancel a chattel mortgage alleged to have been executed by him in favor of the defendant.    It appears from the record, that on the 18th of September, 1875, Platt, being very sick, executed what purports to be a mortgage of all his "personal property, consisting of nine mules, three horses, fifteen colts and ponies, eight oxen, five cows, twenty-five head of young cattle, twenty-five sheep, six swine, seven wagons, ten plows, two mowing machines, one seeder, one corn planter, two horse hoes, one fanning mill, eight sets harness, all crops on the land and grain raised in the year 1875, one undivided half of all buffalo robes, and stock of goods in store and other goods," and delivered the same to the defendant to secure the sum of $2,203.00.    This was a bona fide debt contracted about a year before the execution of the mortgage.    The plaintiff's claims also are bona fide, and so far as appears, no reason exists why the claim of the defendant should be preferred over theirs.    Platt had a farm and kept a store near the Pawnee reservation, and the defendant seems to have been engaged with him as a partner in the purchase of buffalo robes and perhaps in other ventures.    At the time of the execution of this

instrument, Platt was indebted in a very large amount to various parties, of which the defendant had full knowledge. He was also indebted to his wife for money belonging to her separate estate, which he had borrowed from her. An attempt seems to have been made to secure this debt by a mortgage on the farm, which, upon the estate proving insolvent, seems to have been abandoned, although the claim appears to have been valid. On the 16th day of September, 1875, Platt made a will, in which Elvira G. Platt, Lafayette Anderson, and others, were appointed executors. Platt died on the 24th of September, 1875, and the will was duly admitted to probate on the 28th of October of that year, and Elvira G. Platt and the defendant are the executors of the same. The mortgage in controversy was filed for record on the 18th day of September, 1875, but the mortgagee did not take possession of the goods, claiming as mortgagee, until January, 1876. A portion of the mortgaged goods was exchanged for others, and the store seems to have been kept open and goods sold the same after as before the execution of the mortgage. There probably was no intention on the part of the defendant to actually defraud the creditors of the estate, but there seems to have been an indifference on his part to their claims in striking contrast to his anxiety to secure his own. So far as the record discloses, the defendant has no superior equity over other creditors of the estate, and must rely on his naked legal rights.

Section 73 of Chap. 43 of the Revised Statues of 1866, which was in force at the time the mortgage in question was executed, was as follows: "Every mortgage, or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession

of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers in good faith, unless the mortgage or a true copy thereof shall be filed *and recorded* as directed by law."

Section 16 provides that "all deeds, mortgages, and other instruments which are required to be recorded, shall take effect and be in force from and after delivering the same to the clerk for record and not before, as to all creditors and subsequent purchasers in good faith without notice."

Section 17 provides that "they shall not be deemed lawfully recorded unless the same shall have been previously acknowledged or proved in the manner prescribed."

Section 2 provides that "the grantor must acknowledge the instrument to be his voluntary act and deed."

Our present statute requires a chattel mortgage to be filed but not recorded, and provides that no acknowledgment thereof is necessary.    Laws of 1879, 108. But under the provisions of the law in force in 1875, a chattel mortgage, to be effectual as against creditors and subsequent purchasers in good faith, was required to be filed *and recorded.*    To entitle it to be recorded it must have been previously acknowledged.    *Hooker v. Hammill,* 7 Neb., 231.    A mortgage is good between the parties without recording, and if the mortgagee take possession of the goods under his mortgage it is notice to all of his claim of ownership, although subject to attack for fraud.    But when the mortgagor retains possession the statute prescribes the conditions upon which the mortgagee will be protected, viz.: by filing and recording his mortgage.    This is made equivalent to a change of the possession.

The certificate of acknowledgment is as follows:

"STATE OF NEBRASKA, } ss.
   "County of Platte. }

"This mortgage was acknowledged before me by Lester W. Platt, this eighteenth day of September, A.D. one thousand eight hundred and seventy-five.

"H. C. MAGOON, J. P."

The function of an acknowledgment is two-fold: *First*, To authorize the instrument to be given in evidence without further proof of its execution. *Second*, To entitle it to be recorded. Courts construe acknowledgments liberally to prevent a failure of justice, and they will be held sufficient when there has been a substantial compliance with the statute, although they fail to follow the precise words or form prescribed. But it must appear that the person executing the instrument did so voluntarily. And particularly should this be required in a case like the one at bar, where the mortgage was written by the mortgagee, the mortgagor being very sick and perhaps scarcely in a condition to overcome importunities to execute the same. But however this may be, there is nothing in the certificate from which it appears that the execution of the instrument was voluntary on the part of Platt. The acknowledgment therefore is a nullity, and the mortgage was not entitled to record. The case, therefore, rests upon the same ground as an unrecorded mortgage at the time of the death of the mortgagor, the mortgagee not being in possession of the mortgaged property, and the estate being insolvent.

Section 73 of Chapter 43, heretofore referred to, declares that a mortgage not filed and recorded as directed by law "shall be absolutely void as against the creditors of the mortgagor."

The statute does not declare a mortgage void as against the mortgagor or his heir or legatee. As to them it may be valid. The question presented there-

34

fore is, is a chattel mortgage which has not been filed and recorded as directed by law, where the possession of the mortgaged property passes directly from the deceased mortgagor to the personal representative, valid as against the executor of an insolvent estate? It is unnecessary to cite authorities to show that the personal estate of a deceased person passes to the executor. The statute prescribes the executor's duties, the mode of proving claims against the estate, and the order in which debts are to be paid. Where the estate is solvent the heir has a beneficiary interest in the trust as distributee. But if the estate is insolvent his interest is technical merely, and the executor becomes a trustee for the creditors of the estate, and in that capacity is bound to protect their interests. And where goods come into his hands as executor he cannot be permitted to claim the same as mortgagee under a mortgage which, at the time of the decease of the mortgagor, was void as to creditors, the estate being insolvent.

In the case of *Kilbourn v. Keller*, 29 Ohio State, 264, the court held that where a chattel mortgage is declared void by the statute "as against the creditors of the mortgagor," and the mortgagor dies in possession of the mortgaged property, leaving an insolvent estate, such property becomes assets in the hands of the executor or administrator of the mortgagor. In that case the mortgage seems to have been in proper form, but was not filed, and it was held void as to creditors. In our opinion the mortgage in this case is absolutely void as against the creditors of the estate.

The judgment must therefore be reversed, and the cause remanded to the court below with directions to enter judgment subjecting the proceeds of the mortgaged property to the payment of the plaintiff's claims.

JUDGMENT ACCORDINGLY.