WILLIAM W. MARSH, PLAINTIFF IN ERROR, v. ALFRED BURLEY, DEFENDANT IN ERROR.

1. **Chattel Mortgage.** Under the provisions of sec. 11, chap. 32, Comp. Stat., a chattel mortgage, although filed for record, is *prima facie* fraudulent as to creditors and *bona fide* purchasers, if

13 261
16 440
13 261
41 60
13 261
46 742
13 261
49 180
49 769

the mortgagor retains possession of the mortgaged property. And the person claiming under such mortgage must make it appear that the same was made in good faith in order to recover. *Pyle v. Warren*, 2 Neb., 252, adhered to.

2. ———.  Certain property levied upon, *Held*, Not to be included in a sale under a decree of foreclosure. LAKE, CH. J., dissenting.

ERROR to the district court for Douglas county.    Tried below before SAVAGE, J.

*George E. Pritchett*, for plaintiff in error.

*John I. Redick* and *W. J. Connell*, for defendant in error.

MAXWELL, J.

This is an action of replevin brought by the plaintiff against the defendant to recover the possession of certain property which it is claimed belongs to the Omaha Horse Railway.   The plaintiff, who is the owner of the railway, bases his right to recover upon two distinct grounds:

*First.*   By virtue of a chattel mortgage executed by himself as an officer of the railway company, to himself as a creditor.

*Second.*   As purchaser under a decree of foreclosure of a mortgage made by the railway company to Joseph H. Millard as trustee.

The defendant claims the right to the possession of the property in question by virtue of a levy made by him as sheriff under an execution issued on a judgment against the railway company.

On the trial of the cause in the district court a verdict was returned in favor of the defendant, upon which judgment was rendered.

The chattel mortgage was executed upon the following property, viz., "Fifty horses, fifty horse collars, eighteen sets of harness, one wagon, two desks, one stove, six office

chairs, one chamber set, two carpets, one safe, one complete set of blacksmith's stools, one letter press, three twelve-foot cars, numbered 5, 6, and 7, one sixteen-foot car."

This mortgage is dated on the seventeenth day of November, 1877, and was recorded on the same day. There was no change in the possession of the property, and no new consideration was paid by Marsh. In the most favorable view possible, it was executed by the plaintiff to himself to secure an antecedent debt.

About the time the chattel mortgage in question was executed, one Mary J. Doolittle recovered a judgment in the district court of Douglas county against the Horse Railway Co. for the sum of $4950. The question presented to the jury therefore was whether the mortgage was executed for the purpose of hindering and delaying creditors.

Sec. 11, chap. 32, Comp. Stat., provides that: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or the creditors of the person making such assignment or subsequent purchasers in good faith; and shall be conclusive evidence of fraud unless it be made to appear on the part of the persons claiming under such sale or assignment that the same was made in good faith and without any intent to defraud such creditors or purchasers."

Sec. 14 provides that: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor

and as against subsequent purchasers and mortgagees in good faith unless the mortgage or a true copy thereof shall be filed in the office of the county clerk," etc.

In *Becker v. Anderson*, 11 Neb., 496, it was inadvertently stated by the writer that the filing and recording of the mortgage were made equivalent to a change of possession of the property. Such is the law in a number of the states, but section 11 above quoted makes the retention of the possession by the mortgagor of the goods mortgaged *prima facie* evidence of fraud. The court, in construing this statute in *Pyle v. Warren*, 2 Neb., 252, say: "If, however, the mortgage be duly recorded and the mortgagor retain possession of the property, the presumption of fraud is merely *prima facie*, and may be overcome by competent testimony; but if no evidence of good faith is produced this presumption becomes conclusive as to creditors and *bona fide* purchasers." We adhere to the decision in that case as a correct construction of the statute. The plaintiff failed to overcome this *prima facie* presumption of fraud, and therefore can claim nothing under the mortgage. See *Horton v. Williams*, 21 Minn., 187. *Wood v. Lowry*, 17 Wend., 492. *Smith v. Acker*, 23 Id., 653.

A number of objections are made to the instructions which it is unncessary to notice in detail, as in our opinion there was no error in giving the same.

In September, 1878, a decree of foreclosure was rendered on the mortgage to Millard above referred to upon the following property, to-wit: Lots one and two, in block two hundred and six and a half, in the city of Omaha, together with the stable and all other structures and improvements thereon. Also the road bed of said company, now or hereafter to be constructed, including all the ties, iron, side-tracks, turn-tables, and other appurtenances belonging to or connected therewith; also all one-horse cars either then owned or thereafter to be acquired by said company. Also the franchise of said company, with all the rights, privileges, and property pertain-

ing thereto." At a sale under the decree the plaintiff purchased the property above described and now claims to own the same by virtue of such purchase. The plaintiff also claims to have purchased the property described in the chattel mortgage at the sale under said decree. The question presented therefore is, does the description in the latter mortgage include the property included in the chattel mortgage?

It is very clear that the plaintiff himself did not at the time of the execution of the chattel mortgage in question suppose that the property covered by the chattel mortgage was included in the mortgage to Millard. It will not be contended that the property levied upon by the defendant is specifically described in the mortgage under which the plaintiff purchased, and if he acquired any right to such property thereby he acquired the same because the property was appurtenant to the franchise. The decree is somewhat broader than the petition, but it refers to the property described in the petition as being that which is directed to be sold, so that the description above given controls. The mortgage under which the plaintiff claims was intended to be a mortgage upon all the realty of the company, and evidently was not intended to include personal property. The description includes the railroad, its franchise, real estate, etc., and the mortgage was and necessarily must have been foreclosed in the same manner as a mortgage upon real estate. And in our opinion it did not include the property levied upon by the defendant. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

LAKE, CH. J., dissents as to the conclusion reached by the court as to what property was embraced by the mortgage.