WALES FRANK SEVERANCE, PLAINTIFF IN ERROR, V.
LUCIUS LEAVITT, DEFENDANT IN ERROR.

Chattel Mortgage: RETENTION OF POSSESSION. Under the provisions of section 11, chapter 32, Compiled Statutes, a chattel mortgage, although filed for record, is *prima facie* fraudulent as to *bona fide* purchasers, if the mortgagor retains possession of the mortgaged property. And the person claiming under such mortgage must make it appear that the same was made in good faith, in order to recover. *Pyle v. Warren*, 2 Neb., 252, and *Marsh v. Burley*, 13 Id., 261, adhered to.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., sitting for POUND, J.

*Wales Frank Severance, pro se.*

*Ricketts & Wilson,* for defendant in error.

COBB, CH. J.

This action was brought in the court below by the defendant in error against the plaintiff in error, for the taking and converting of certain personal chattels of the plaintiff in said action, defendant in error herein. The defendant in the court below, plaintiff in error herein, made answer in said cause, admitting the taking and conversion of the said chattels, but justifying such taking by setting up the ownership of such chattels in one Mills, and the execution and delivery by said Mills to the said defendant of a chattel mortgage of said chattels to secure the payment of a certain note, the default in the payment of said note, etc. There was a trial to a jury, verdict, and judgment for the plaintiff below, and the cause brought to this court on error by the defendant. There are twenty grounds of error presented, consisting chiefly of alleged inconsistent and conflicting instructions to the jury. But

I do not deem it necessary to examine any of these grounds.

It will not be claimed but that the defendant in error proved his case in the court below sufficient to entitle him to a judgment, unless the plaintiff in error proved and established his right under the chattel mortgage to be superior and paramount to the right of the defendant in error.

The defendant in error clearly established his own position in relation to the chattels as that of a "subsequent purchaser in good faith." It was then incumbent on the defendant in the court below to make it appear on his part that the conditional sale of the chattels as evidenced by the mortgage was made in good faith and without any intent to defraud creditors or purchasers. The plaintiff in error was a witness at the trial on his own behalf, and testified as to the consideration, *i. e.*, the amount of money for which the mortgage was given, and that it had not been paid, but nothing was elicited from him, or sought to be, as to the *bona fides* of the transaction with regard to Mills' creditors or subsequent purchasers from him. Such proof is not derived from the note and mortgage, nor yet from the mere reiteration by a witness of the same facts which are sufficiently proved by the production of them. Something more is required. And when one of the parties to the transaction appears as a witness to other facts, his direct evidence as to the *bona fides* and absence of fraud in the making and receipt of the mortgage can scarcely be dispensed with.

In the case of *Pyle v. Warren*, 2 Neb., 252, and again in *Marsh v. Burley*, 13 Id., 261, this court say: "If, however, the mortgage be duly recorded, and the mortgagor retain the possession of the property, the presumption of fraud is merely *prima facie*, and may be overcome by competent testimony, but if no evidence of good faith is produced this presumption becomes conclusive as to creditors and *bona fide* purchasers." And I add, in the lan-

guage of the opinion in the latter case: "We adhere to the decision in that case as a correct construction of the statute. The plaintiff (in error) failed to overcome this *prima facie* presumption of fraud, and therefore can claim nothing under the mortgage." The plaintiff in error is therefore in no condition to avail himself of the alleged errors of the court in giving and refusing instructions, etc., and as they cannot in any event be made available to him they will not be examined.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.