R. LORTON ET AL., PLAINTIFFS IN ERROR, v. JAMES M. FOWLER, DEFENDANT IN ERROR.

Chattel Mortgage: REPLEVIN BY MORTGAGEE. In an action of replevin by a mortgagee of chattels against the sheriff for taking such chattels on an attachment at the suit of a creditor, and it clearly appearing from the evidence that the sale or assignment of the goods as evidenced by the mortgage under which the plaintiff claims was made in good faith, and without any intent to defraud such creditor, or any creditor of the mortgagor, and that such mortgage was duly recorded, the plaintiff is entitled to recover, although there was not that immediate delivery followed by an actual and continued change of possession of such chattels as is contemplated by Sec. 11 of Chap. 32, of Comp. Stats.

ERROR to the district court for Nemaha county. Tried below before BROADY, J.

*John C. Watson*, for plaintiffs in error, cited: *Lininger v. Raymond*, 12 Neb., 25. *Nelson v. Garey*, 15 Id., 531. *Bierbower v. Polk*, 17 Id., 268.

*Groff & Montgomery*, for defendant in error, cited: *Brunswick v. McClay*, 7 Neb., 137. *Gregory v. Whedon*, 8 Neb., 377. *Tallon v. Ellison*, 3 Id., 63. *Hedman v Anderson*, 6 Id., 392. *Tootle v. Dunn*, 6 Neb., 99. *Temple v. Smith*, 13 Neb., 513. *Dorrington v. Minnick*, 15 Neb., 403–404. *Wake v. Griffin*, 9 Neb., 47. *Twyne's Case*, 2 Coke, 80.

COBB, CH. J.

The firm of Brown & Prouty, general merchants, of Brock, Nemaha county, were indebted to Lorton & Co., wholesale merchants, of Nebraska City, in the sum of thirteen hundred dollars, which was evidenced by a promissory note for that sum, bearing date Nov. 25th, 1884, due one day after date, and drawing interest at 10 per cent per

annum; and on the 28th day of November, 1884, for the purpose of securing this indebtedness, they executed and delivered to said Lorton & Co. a chattel mortgage upon their entire stock of goods and merchandise, and the furniture and fixtures of their store. The mortgage was in the ordinary and usual form, except that in the clause authorizing the mortgagees upon default to take possession of the goods, they were, by interlineation, authorized to sell the same at private sale as well as at public auction. The mortgage was recorded on the 29th day of November, the day after its execution.

On the 12th day of December, 1884, W. V. Morse and Owen J. Lewis, to whom the said Brown & Prouty were also indebted in the sum of four hundred and eight dollars, sued a writ of attachment out of the county court of Nemaha county, and placed the same in the hands of J. M. Fowler, sheriff of said county, who by virtue thereof attached and seized the said goods.

On the 16th day of December, 1884, the said Lorton & Co. commenced this action for such taking, and replevied the said goods. The cause was tried to the court (a jury being waived by both parties), who found in favor of the defendant, and for a return of said property in case a return thereof could be had; if not, that the defendant recover of the plaintiffs the amount of his special property, the same found by the said court at the sum of four hundred and thirty-three dollars and ten cents, with costs, etc. The plaintiffs bring the cause to this court on error.

The statute, Sec. 11 of Chap. 32, Comp. Stats., provides as follows: " Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned shall be presumed to

be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith ; and shall be conclusive evidence of fraud unless it shall be made to appear on the part of the person claiming under such sale or assignment that the same was made in good faith and without any intent to defraud such creditors or purchasers."

In the trial of the case at bar the effort of the defendant seems to have been to establish the proposition that there had been no such immediate, actual, and continued change of the possession of the goods as is contemplated by this section, and in this the learned district court must have been of the opinion that he succeeded. If the case turned solely upon that point, while we would probably differ with that court as to the weight of evidence, I do not think we could say there was such an entire want of evidence to sustain the finding as would justify us in its reversal. But the evidence on the part of the plaintiffs was amply sufficient to prove that the mortgage of the goods was made in good faith and without any intent to defraud the other creditors of the mortgagors, and there was no conflicting evidence whatever as to this point. No objection is made to the form of the chattel mortgage, nor to its filing for record. I am, therefore, of the opinion that the finding and judgment of the district court is without evidence to sustain it. It is, therefore, reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.