CHARLES W. SANFORD v. IVER JENSEN.

FILED DECEMBER 2, 1896. No. 6831.

1. **Chattel Mortgages:** RETENTION OF POSSESSION: BONA FIDE PURCHASERS. The retention of possession of mortgaged chattels by the mortgagor is, under section 11, chapter 32, Compiled Statutes, *prima facie* fraudulent as to his creditors, or subsequent good-faith purchasers, in case the mortgage had been duly filed. This presumption may be entirely rebutted by proof.

2. ———: ———: ———: BURDEN OF PROOF. The legal presumption of fraud arising by virtue of said statute can be invoked only by a creditor or purchaser, and the latter cannot do so until he has first established his own good faith. When this is shown, and not until then, the burden is cast upon the person claiming under the mortgage to show that it was made in good faith and without any intention to defraud.

3. ———: ———: ———. Essential element of "good faith," as that term is used in the above section, is that the subsequent pur-

chaser must have acquired the mortgaged chattels for a valid consideration, and without actual knowledge of the existence of the mortgage, or notice of such facts as would put an ordinarily prudent man on inquiry.

4. **Conversion**: PLEADING. In an action for conversion, a general allegation that the defendant unlawfully and wrongfully converted the property is sufficient.

ERROR from the district court of Saunders county. Tried below before BATES, J.

*Clark & Allen*, for plaintiff in error.

*Simpson & Sornborger, contra.*

NORVAL, J.

This action was instituted by Charles W. Sanford to recover the value of a span of mules, which it is claimed the defendant converted. The answer is a general denial. At the close of plaintiff's testimony, the jury, in obedience to a peremptory instruction of the court, returned a verdict for the defendant, upon which judgment was subsequently rendered. Plaintiff prosecutes error.

The question involved is whether, under uncontradicted testimony, the court erred in not submitting the cause to the jury, and in directing a verdict for the defendant. On the 14th day of November, 1887, one J. R. Eddy, a resident of Saunders county, and being the owner of the mules in question, executed and delivered his negotiable promissory note to George A. Crafts for the sum of $680, payable ninety days after date, with interest at ten per cent, and at the same time secured the payment of said note by a chattel mortgage upon said mules, together with other property. The mortgaged chattels were left in the possession of Eddy, and the mortgage was duly filed in the office of the county clerk of said county, the county in which the mortgagor then resided, on December 31, 1887. Plaintiff purchased the note and mortgage before maturity, in the usual course of business, for an adequate consideration, and he has ever since been

the owner and holder thereof. The note secured by the mortgage has not been paid nor any part thereof. The defendant bought the mules from Eddy long after the filing of the mortgage, and sold them, without the authority or consent of plaintiff, to John Hudkins, and received the purchase price. What consideration, if any, Jensen paid for the mules, or whether he at the time had actual notice of the mortgage, the record does not show, nor does it appear that the mortgage was made in good faith and for a valuable consideration. No testimony having been adduced as to these matters, counsel for the defendant argues that the proper verdict was returned, claiming that the burden was upon the plaintiff to establish either the *bona fides* of the mortgage, or that the defendant is not a purchaser in good faith without notice. This proposition we shall now consider.

Section 11, chapter 32, Compiled Statutes, declares: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession, of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith; and shall be conclusive evidence of fraud unless it shall be made to appear on the part of the persons claiming under such sale or assignment that the same was made in good faith, and without any intent to defraud such creditors or purchasers." The foregoing provisions have been frequently before the court for consideration, and it has been decided repeatedly that the retention of possession of mortgaged chattels by the mortgagor renders the mortgage, although duly filed, *prima facie* fraudulent as to creditors of the mortgagor and subsequent good-faith purchasers, but that this presumption may be rebutted by evi-

dence; that in such case the mortgage is conclusively fraudulent unless it be shown that it was made · in good faith and without any intent to defraud, and that the burden is upon the person claiming under such mortgage to establish its *bona fides.* (*Pyle v. Warren*, 2 Neb., 252; *Robison v. Uhl*, 6 Neb., 328; *Miller v. Morgan*, 11 Neb., 121; *Densmore v. Tomer*, 11 Neb., 118; *Marsh v. Burley*, 13 Neb., 261; *Turner v. Killian*, 12 Neb., 580; *Severance v. Leavitt*, 16 Neb., 439; *Lorton v. Fowler*, 18 Neb., 224; *Davis v. Scott*, 22 Neb., 154.) The rule deducible from these decisions is that in a suit between the holder of a mortgage of chattels and the creditors of the mortgagors or good-faith purchasers, the burden is upon the person claiming under such mortgage to show that it was made in good faith. Plaintiff contends that this rule is not applicable in this case, inasmuch as it was not established on the trial that the defendant purchased the mules in good faith. Only two classes of persons, creditors and purchasers in good faith, are entitled to the benefits of the section of the statute already quoted. As between the parties to a chattel mortgage, there is no presumption that the instrument was made to defraud creditors, nor does the presumption of fraud arise in a controversy between a person claiming under a chattel mortgage and a mere trespasser, or one who has taken possession of the mortgaged property without a semblance of right or authority. The presumption of fraud cast upon a chattel mortgage by the statute, by reason of the mortgagor retaining possession of the chattels therein described, can be invoked only in a suit between a person claiming under the mortgage and either a creditor or purchaser in good faith. Manifestly such was the intention of the legislature. Plaintiff, therefore, in order to recover was not required to make it appear that the mortgage was made in good faith, unless the defendant is embraced or included in one or the other of the classes entitled to invoke the aid of the statute. There is no claim that Jensen is a creditor of the mortgagor, but it is

53

insisted that he purchased the mules.     There is in the
record the mere bald statement of two witnesses that he
"bought" them, but no consideration was proved, nor was
it attempted to be shown that he purchased without
actual notice of the existence of the mortgage.     To con-
stitute a *bona fide* purchaser within the meaning of the
statute, he must have bought without actual knowledge
of the existence of the mortgage or notice of facts suffi-
cient to have put an ordinarily prudent person on in-
quiry.     There is no presumption that the defendant
was such a purchaser, but the burden was upon him to
prove it by competent evidence, and until this was done,
plaintiff was not required to introduce testimony to show
the *bona fides* of the mortgagor.     (*Pyle v. Warren*, 2 Neb.,
241; *Ransom v. Schmela*, 13 Neb., 73.)

In the first case LAKE, J., in construing the statute
which we have just quoted, uses this language: "In the
case at bar, it is undoubtedly true that the property de-
scribed in the mortgage, and which is the subject of the
action, was left in the possession of the mortgagor; and
that, under the section of the statute just quoted, as to
certain persons, the transaction would be declared fraud-
ulent.     But who is entitled to invoke the aid of this pro-
vision?     Not every person, most certainly.     It is ex-
pressly limited by unequivocal language to creditors of
the persons making the sale or assignment, and subse-
quent purchasers in good faith.     Before a purchaser can
invoke the aid of this statute, he must establish his own
*bona fides*.     If, at the time of his purchase, he knew of the
existence of the mortgage, he will take the property
charged with the just claims of the mortgagee, or in case
of an assignment of the assignee of the mortgagee under
the mortgage."     If the defendant was aware of the mort-
gage when he acquired the property, he has not been de-
frauded by reason of the possession of the property being
retained by the mortgagor, since it constituted no induce-
ment to his purchasing.     If he knew of the outstanding
mortgage, he cannot invoke the statutory presumption of

fraud to defeat a recovery. It was for him to show that he was a good-faith purchaser. Had he done this, there could be no recovery by the plaintiff, unless he proved the *bona fides* of his mortgage.

Counsel for defendant rely upon *Norton v. Pilger*, 30 Neb., 860, to sustain their contention that it was essential to a recovery by plaintiff that he should prove the *bona fides* of the mortgage and the *mala fides* of the defendant's possession. The views we have expressed do not conflict with that case. The first clause of the syllabus of the opinion reads thus: "A chattel mortgage or bill of sale of personal property, not accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold, mortgaged, or assigned, is presumed to be fraudulent and void as against subsequent purchasers in good faith; and when offered in evidence in an action between the person claiming under it and a subsequent purchaser in good faith, and for value, to be effective it must be accompanied by evidence on the part of the person claiming under such chattel mortgage, or bill of sale, that the same was made in good faith and without intent to defraud creditors or purchasers. A prior recording of the instrument will not supersede the necessity of such proof." The principle enunciated in the foregoing is in entire harmony with not only the prior decisions of this court, but in accord with the rule which we have announced as controlling this case. Had Jensen shown that he was a good-faith purchaser, the case of *Norton v. Pilger, supra,* would have been in point, and it would have been necessary for this plaintiff to prove the good faith of the mortgage.

It is urged that the petition fails to show a cause of action, because it does not allege that there was any consideration for the execution of the note and mortgage, or that the defendant's possession or purchase was *mala fides*. This argument has already been met by the foregoing discussion. Moreover, there is no averment in the petition that the defendant was a purchaser of the prop-

erty; hence it was not essential that the plaintiff should. have pleaded the good faith in the execution of the mortgage. It is averred in the petition that the defendant obtained possession of the property and unlawfully and wrongfully converted the same to his own use. This was a sufficient allegation of conversion of the property by the defendant. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.