## YANT v. HARVEY.

1. **Practice in the Supreme Court:** ABSTRACT. It is not necessary that the certificate of the trial judge to the evidence should be set out in the abstract on appeal; a recital that such certificate was made, and the date thereof, is sufficient.
2. **Mortgage:** ON CHATTELS: SUFFICIENCY OF DESCRIPTION. The description in a chattel mortgage considered and held sufficient.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 18.

ACTION for an injunction to prevent the defendant from taking possession of a certain horse. Each party holds a chattel mortgage upon the horse. The question presented is as to which is paramount. The plaintiff's mortgage was executed and recorded first, but the defendant claims that his mortgage is paramount, for the reason that he had no notice

of the plaintiff's mortgage neither actual nor constructive.
The court found for the defendant, and dismissed the plain-
tiff's petition, and she appeals.

*H. W. Maxwell*, for appellant.

*Phillips & Conrad*, for appellee.

ROTHROCK, J.—I. Other property was included in both of
the mortgages, but this appeal involves the right to but one

1. PRACTICE in
the supreme
court: ab-
stract.
horse. The cause being an equitable one is triable
anew in this court. Some question is made by
the appellee as to whether all of the evidence is
contained in the record. Counsel for appellee contend that
the appellant's abstract does not show that the trial judge
made a certificate to the evidence as required by statute. The
abstract recites that it is an abstract of all the evidence, and
that a certificate was made by the judge within the proper
time. Besides, the appellee files an additional abstract of
evidence. This is a sufficient showing that we have all of the
evidence in the abstracts. It is not necessary to set out the
certificate of the judge in the abstract. A recital that such
certificate was made, and the date thereof, is sufficient.

II.   Notwithstanding the plaintiff's mortgage was recorded
at the time the defendant's mortgage was executed, the

2. MORTGAGE:
on chattels:
sufficiency of
description.
defendant insists that the record was insufficient
to impart constructive notice to him, because the
horse was improperly described in the plaintiff's
mortgage, in respect to his color. In the plaintiff's mortgage
he is described as a brown color. In the defendant's mort-
gage he is described as a black. One witness, and indeed the
only witness who appears to have testified distinctly as to the
color of the animal, says that "some would call him brown
and some would call him black." The officer who was pro-
ceeding to foreclose the defendant's mortgage describes him
as being black. But the plaintiffs' mortgage, as a further
description, or rather means of identification of the property,

describes the horse as being kept on the farm of the mortgagor in Beaver township. The evidence is undisputed that the horse in question remained on said farm, and was kept there up to the time of the trial of the case in the court below. Now it was incumbent upon the plaintiff, in order to charge the defendant with constructive notice, to show that the description and means of identification afforded by her mortgage were not so inexplicit that the defendant, in the exercise of reasonable care, at the time he took his mortgage should have failed to discover that the horse was included in her mortgage. As we are required to determine this question upon a preponderance of the evidence, we think that if the defendant, at the time he took his mortgage, had taken the description contained in the plaintiff's mortgage, and gone to the farm named therein as the place where the mortgaged property was kept, and made inquiry, he would have learned that the horse in question was covered by plaintiff's mortgage.

When the description in a chattel mortgage is correct as far as it goes, but fails fully to point out and identify the property intended to be conveyed, a subsequent purchaser or incumbrancer is bound to make every inquiry which the instrument itself could reasonably be deemed to suggest. *Smith v. McLean*, 24 Iowa, 322.

But it is claimed that the description is not correct as far as it is a description. We do not think that the description can be said to be incorrect where it is shown that some would call the animal brown, and some would call it black, if it be described by either color. The shade of color between a dark brown and a black horse is well known to be somewhat indistinct, and different persons might well describe the animal as one color or the other, as the principal witness in this case states. We think that, taking the evidence as to the color in connection with the statement of the place where the horse was kept, the defendant should be charged with constructive notice of the plaintiff's mortgage, and that the Circuit Court should have so found.

REVERSED.