MILLIKEN v. DAUGHERTY.

1. **Appeal**: LESS THAN $100: CERTIFICATE OF JUDGE. The appellant's abstract recited as follows: "The court gave the certificate of the question involved, upon which it was desirable to have the opinion of the Supreme Court, and stated the particular question of law to be: Where suit is brought upon a note barred on its face by the statute of limitations (limitation being pleaded by defendant), is the burden of proof on plaintiff to show the exception taking the note out of the statute?" *Held* not a sufficient certificate, under section 3173 of the Code, to give this court jurisdiction of a cause involving less than $100. *Yant v. Harvy*, 55 Iowa, 421, distinguished.

*Appeal from Lee Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION upon a promissory note for less than one hundred dollars. There was a trial to the court, and judgment for the plaintiff. Defendant appeals.

*Hagerman, McCrary & Hagerman*, for appellant.

*Marshall & Son*, for appellee.

ROTHROCK, J.—There is contention between the parties as to whether the certificate of the trial judge is sufficient to give this court jurisdiction of the appeal. It is recited in the abstract that the " court gave the certificate of the question involved upon which it was desirable to have the opinion of the Supreme Court, and stated the particular question of law to be: Where suit is brought upon a note barred on its face by the statute of limitations (limitation being pleaded by defendant), is the burden of proof on plaintiff to show the exception taking the note out of the statute?"

Appellee by motion contends that the trial judge refused to certify that the case involved a question of law upon which it was desirable to have the opinion of this court, and he exhibits with the motion what is claimed to be the certificate,

and which seems to support the claim made by him. Appellant insists that his abstract cannot be impeached by motion. Whether it can be or not is immaterial, because the abstract is defective in not setting out the fact that the judge's certificate stated that it was desirable to have the opinion of this court upon the question certified. Section 3173 of the Code requires that the judge shall so certify, and that without such certificate no appeal shall be taken. The record as made by appellant's abstract should show that this court has jurisdiction.

It is urged by appellant that the certificate is sufficient, and he cites *Yant v. Harvey*, 55 Iowa, 421. That was an equitable action, and it is there held that it is not necessary to set out the certificate of the judge to the evidence in the abstract, but that a recital that such certificate was made and the date thereof is sufficient. In cases involving less than $100 it is different. It is necessary that the question certified shall be set out in the abstract, that it may be determined by this court, and it must appear by the abstract that the trial judge certified that it was desirable to have the question involved determined by this court. The appellant's abstract does not show that such a certificate was made and the case must be

DISMISSED.