McKAY, Respondent, v. SHOTWELL ET AL., Appellants.

1. Chattel Mortgages — Validity — After-Acquired Property — Accounting for Proceeds.

A mortgage of a stock of goods and such goods as might thereafter be added to the stock " by way of replenishing " it, is valid under section 1704, C. C.; which provides that "an agreement may be made to create a lien upon property not yet acquired."  This replenishing provision would not render the instrument void on its face, for of itself, it would give no right to sell except to replenish.

2. Same — Trial — Question of Law.

Where in such case the mortgage property had been attached, and there was no evidence of fraud in fact, or that the mortgagors, while in possession, had disposed of any of the mortgaged property for their own benefit, *held*, proper for the court to direct a verdict in favor of the mortgagee in an action of replevin against the parties who had taken it from his possession on the attachment.

3. Same — Evidence — Materiality.

In an action of replevin by a mortgagee against attaching creditors, the issue being the validity of the mortgage, the fact of whether or not the mortgagee in foreclosing the mortgage after the attachment had been made had given the requisite notice, or the fact of the amount of the property they sold, is immaterial.  So, also, the mortgagors being in possession after the execution of the mortgage and prior to the attachment, it not appearing that they had disposed of any of the property during the time.

(Argued and determined at the February Term, 1889.)

APPEAL from the district court, Lake county; Hon. J. E. CARLAND, Judge.

This was an action in claim and delivery by respondent Alexander McKay, against the appellants, Theodore Shotwell, A. M.

Clerihew, Wm. Lothman and Wm. Lee, sheriff, to recover posses-
sion of a stock of goods upon which respondent had a mortgage.
Appellants, defendants below, took the goods from the possession
of respondent, plaintiff, on an attachment against his mortgagors
on the ground that the mortgage was fraudulent as against them.
The value of the goods and the taking as alleged in the complaint
was admitted by the answer; the only issue was the validity of
the plaintiff's mortgage, which was attacked because of certain
provisions it contained.    The mortgage was executed by Berg-
streser Brothers, on the 5th of April, 1888, to secure twelve of
their past-due promissory notes to the plaintiff.    It covered their
stock of general merchandise of all kinds and outstanding ac-
counts, "together with all of the store furniture, fixtures and
property in and about said store, and also any and all goods and
merchandise of every name and kind that shall hereafter be placed
by us in said store by way of replenishing our present stock of
goods aforesaid.    The true intent and meaning hereof is that we
intend to mortgage all our property of every kind in and about
said store to secure the payment of the debts hereinafter men-
tioned, the same being for the purchase-money of the property so
mortgaged as security for payment to said Alexander McKay of
$2,002.24, with interest thereon as expressed in twelve promis-
sory notes."    Then follows a description of the notes; covenant
of ownership and right to mortgage ; provision that in the event
of their default, or their " attempting to dispose of or remove "
the property, or if the mortgagee deem himself insecure, then, in
any such event, he, or his assignee, might take possession and sell
the property to satisfy the debt and expenses.    As will be seen,
there was no provision whereby the mortgagors were given the
right to possession other than its implication from the provision
as to replenishing the stock, and the one giving the mortgagee the
right to possession in the event of their default, or deeming him-
self insecure.    Neither were there any of those provisions usually
found in such instruments whereby sales are permitted upon the
proceeds being accounted for.    The mortgage was filed for record
the day of its execution ; the mortgagee took possession of the
property the next day and it was attached in his hands the same
day by the defendants.    On the trial the plaintiff offered his

mortgage in evidence and the defendants objceted to it on the ground that it was void on its face in that the instrument taken together, permitted the mortgagors to remain in possession and dispose of the property in the usual course of business. This objection was overruled and the defendants excepted.

The defendants inquired of the witness who foreclosed the mortgage for the plaintiff, subsequent to the attachment, if he posted notices of sale, also how much of the property plaintiff sold to pay the mortgage. The court sustained objections to these inquiries as being immaterial, also an objection to an inquiry of one of the mortgagors, if, after he gave the mortgage on the 5th, his store was not open for business "down until the closing time in the evening." The witness afterward in answer to a question, if he sold any goods from the time he executed the mortgage till the mortgagee took possession, said: "I don't remember that I did. I don't know."

There was no evidence tending to show that the mortgagors did not honestly owe the plaintiff the amount of the notes, nor was there any evidence tending to show that the mortgage was not given for the sole purpose of securing the payment of the debt evidenced by the notes. In other words, there was no fraud in fact shown. The only substantial contention of the defendants was, that the mortgage was fraudulent on its face. At the close of the evidence, the court, upon the application of the plaintiff, directed the jury to return a verdict in his favor, to which the defendants excepted. After the denial of a motion for a new trial and the entry of final judgment the defendants appealed.

*Wm. McGrath* and *Parliman & Stoddard*, for appellants.

The clauses permitting the mortgagors to remain in possession and replenish the stock, contemplated continuing the business as before and disposing of the proceeds of the sales as the mortgagors saw fit. This rendered the mortgage invalid, and it should not have been admitted in evidence. Griswold v. Sheldon, 4 N. Y. 581; Southard v. Benner, 72 id. 424; Bracket v. Harvey, 91 id. 214; Robinson v. Elliott, 22 Wall. 513, Boone, Mort., § 283.

The evidence as to posting notices of sale should have been admitted. Also, that as to the mortgagors being in possession after

the execution of the mortgage. The evident purpose was to show possession for the purpose of sale. If it was for that purpose, there being no provision as to the disposition of the proceeds, the mortgage was void. Appellants should have been permitted to show the amount of property sold, as there may have been property in plaintiff's hands subject to the attachment.

The case should have been submitted to the jury. The mortgagors were in possession for a time; this, with the provision to replenish, and none to account, raised an issue of fact. Bissell v. Hopkins, 3 Cow. 165; May v. Walter, 56 N. Y. 8; Tilson v. Terwilleger, id. 273; White v. Cole, 24 Wend. 116; Swift v. Hart, 12 Barb. 530; Butler v. Vosburg, 1 N. Y. 196.

*R. A. Murray, Bailey & Davis* and *Winsor & Kittredge*, for respondent.

There is no claim that the demand secured was not an honest debt. Appellants' contention as to the mortgagors' right to possession cannot prevail. § 1733, C. C. Their construction of the "replenishing" clause is unwarranted. It does not mean a right to first diminish, but rather to replenish and an extension of the mortgage over the stock as replenished. This is permissible. § 1704, C. C. If the language implied a right to sell it would not be to convert the proceeds, but to replenish. The right to sell is negatived by the provision authorizing the mortgagee to take possession in case the mortgagors attempt to dispose of the property. The mortgage should be construed in accordance with an honest intention. Gay v. Bidwell, 7 Mich. 519. This provision covering after-acquired property did not invalidate the mortgage. Robinson v. Elliott, 22 Wall. 523; People's Sav. Bk. v. Bales, 120 U. S. 556, 7 Sup. Ct. Rep. 679; Hunter v. Bostwick, 43 Wis. 583; Ronnely v. Converse, 71 id. 524; Hughes v. Cory, 20 Ia. 399.

The evidence as to posting notices was immaterial. It was after the attachment and it could make no difference whether the mortgage was foreclosed or not. The same may be said as to the mortgagors' possession after the execution of the mortgage; if, however, there was error here, it was cured by the witnesses afterward testifying there were no sales made. The amount of property sold was immaterial, as it was after the attachment, and

appellants had not paid the mortgage.   § 1754, C. C.   The plaintiff was entitled to all of the property.   Madison Nat. Bk. v. Farmer, 5 Dak. 282, 40 N. W. Rep. 345.

By the COURT:

The judgment of the district court is affirmed for the following reasons:

1. By section 1733, C. C., a mortgage does not entitle the mortgagee to the possession of the property unless authorized by the express terms of the mortgage.

2. Section 1704 provides that an agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence.

3. The mortgage does not contain any provision allowing the mortgagors to dispose of the goods and apply the proceeds, or any part thereof, to their own use.

4. If the language of the mortgage fairly implies any right of the mortgagors to sell, it could only be by the terms of the mortgage for the purpose of buying goods to replenish the stock.

5. There was no evidence tending to show that after the execution of the mortgage the mortgagors sold any of the stock with the knowledge or assent of the mortgagee, or applied any proceeds to their own use.

6. The mortgage was not fraudulent in law, and there being no evidence tending to show that it was fraudulent in fact, it was not error for the trial court to direct a verdict for the plaintiff.

7. The testimony excluded is not deemed material, and there was, therefore, no error in the ruling of the court below.   All concur, except McCONNELL and CARLAND, JJ., not sitting.