### FIRST NATIONAL BANK OF REDFIELD V. KOECHEL.

A chattel mortgage, duly filed, which described a colt correctly, except in calling it a yearling when in reality it was but about six months old, but which further stated that it was the only colt owned by the mortgagors, was sufficient to charge a subsequent purchaser with notice, it being shown that the mortgagors owned no other colt during the year.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action in claim and delivery. Defendant had judgment, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Howard & Walsh,* for appellant.

If there was any question of identity of the property, it was for the jury. Cobbey Chat. Mortgages, § 160. Peterson v. Fole, 25 N. W. 677; Andregg v. Brunskiel, 54 N. W. 135. If the mortgage be not wholly accurate as to description, still if enough is given to correctly describe the property, the incorrect portion may be rejected as surplusage and the mortgage will be sustained. 1 Cobbey Chat. Mort., 174; Adamson v. Fagan, 47 N. W. 56; Tonkins v. Henderson, 3 So. 774; Tolbert v. Hardin, 22 N. W. 126; Fordyce v. Neal, 40 Mich. 705; Schmidt v. Bender, 18 Pac. 491; King v. Aultman, 24 Kan. 246. Defendant should have made inquiry where he was told by the mortgage to look. Yant v. Harvey, 7 N. W. 675. See also Willey v. Snyder, 34 Mich. 60.

*Sterling & Morris,* for respondent.

The description was insufficient. Tabor v. Sampson, 4 Pac., 45; Everett v. Brown, 20 N. W. 743; Hayes v. Wilcox, 17 N. W. 110; Caldwell v. Trowbridge, 26 N. W. 49; Rhutasel v. Stevens, 27 N. W. 786; Barrett v. Fisch, 41 N. W. 310; Jones Chat. Mort. § 55; 3 Am. & Eng. Ency. Law, 180.

Haney, J. This is an action in claim and delivery to recover possession of a colt. Plaintiff claims under a chattel mortgage; defendant as a subsequent purchaser, without notice. The only question involved is the sufficiency of the description in the mortgage. An instrument, duly executed by J. M. Carico and S. E. Beddow, and filed in the proper county, mortgages to plaintiff property described as follows: "One black mare, 3 years old, weight 950 lbs.; one mouse color mare, 3 years old, weight 900 lbs.; one buckskin mare, 7 years old, weight 900 lbs.; one yearling colt, color sorrel, 4 white feet; one sorrel horse with white spots, 4 years old, weight 1,150 lbs. All of said property being now in the possession of said mortgagors, in the village of Crandon, owned by them and free from all incumbrance, and being the only property of this description in his possession." After the filing of

this mortgage, and without an examination of the record, defendant purchased a colt of Carico, the possession of which plaintiff seeks to recover in this action.  Defendant is presumed to have known, when such purchase was made, what the record revealed, and what would have resulted from such inquiries as the record itself suggested.  If a person of ordinary prudence, acting in good faith, and making the inquiries suggested by the mortgage, would have been enabled to identify the mortgaged property, the description is sufficient.  1 Cobbey, Chat. Mortg. § 161; Schmidt v. Bender (Kan. Sup.) 18 Pac. 491; King v. Aultman, 24 Kan. 246; Adamson v. Fagan, (Minn.) 47 N. W. 56; Yant v. Harvey, 55 Iowa 421, 7 N. W. 675.  It was shown, conclusively, that Carico had only one colt of any description in his possession, at Crandon, during the fall of 1892.  As it does not appear that Beddow had any, the fair inference is that he had none.  Then the only colt in the possession of either was the one purchased by defendant.  It was foaled April 21, 1892, had four white feet, a white strip in the face, and its color was any shade of sorrel or bay, according to the individual notions of color entertained by numerous witnesses.  There was a difference between this animal and that described in the mortgage, in respect to age; but any uncertainty in this regard was removed by the important declaration, corresponding with the fact, that it was the only property of that description owned by or in the possession of either mortgagor.  Defendant knew, his knowledge being imparted by the record, that Carico and Beddow had given a mortgage upon the only colt owned or possessed by either.  Inquiry at the village of Crandon would have informed him that the colt he was about to purchase was in fact the only one either possessed when or since the mortgage was made, and he must have concluded it was the animal intended to be covered by such mortgage.  An honest, reasonable person could have reached no other conclusion.  Exercise of ordinary care required an examination of the record.  Defendant is alone to

blame for the consequences of his failure to make such examination. We think the court erred in granting defendant's motion for a direction of the verdict in his favor. Judgment reversed, and cause remanded for such proceedings as may be consistent with this opinion.