W. T. GILCHRIST v. J. H. McGHEE, Sheriff, Appellant.

**Mortgages:** DESCRIPTION. A description of a chattel in a mortgage as "one pair wagon scales," in a designated village, is insufficient.

GRANGER, J., dissenting.

*Appeal from Allamakee District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, MAY 23, 1896.

ACTION to recover specific personal property. Judgment for plaintiff and the defendant appealed.— *Reversed.*

*D. J. Murphy* for appellant.

*Dayton & Dayton* for appellee.

GRANGER, J.—The defendant sheriff seized, by virtue of an execution, certain personal property as belonging to B. F. Boomer. Plaintiff, having a mortgage thereon, brings this action, attaching to his petition, as an exhibit the mortgage. To the petition there was a demurrer, which the court overruled, from which ruling the appeal is taken. The only question presented is as to the sufficiency of the description in the mortgage, which is as follows: "One bay mare about six years old, one sorrel mare about six years old, one double buggy, one set bob sleighs, one wagon, one pair wagon scales in Waterville, Iowa, one pair small scales, three cutters, etc., and one set of harness, one red and white cow." It is not claimed that the description is insufficient, except

as to the "one pair wagon scales in Waterville, Iowa." The rule is: "That description which will enable third persons, aided by inquiries which the instrument indicates and directs, to identify the property, is sufficient." *Smith v. McLean,* 24 Iowa, 322. In *Yant v. Harvey,* 55 Iowa, 421 (7 N. W. Rep. 675), it is said: "When the description in a chattel mortgage is correct as far as it goes, but fails fully to point out and identify the property intended to be conveyed, a subsequent purchaser or incumbrancer is bound to make every inquiry which the instrument itself could reasonably be deemed to suggest." Under these rules of long standing there have been many holdings, and different conclusions have been reached upon facts differing but slightly; and such difference in facts may properly justify different conclusions. Applying the rules to this case, aided by cases in which they have been applied, a majority of this court think the description as to the wagon scales insufficient. The writer thinks, in view of the character of the implement, and the manner of its use, that the description would have guided an inquirer so as to have identified the scales. Following the conclusion of the majority, the judgment must be REVERSED.