## COUGHRAN v. SUNDBACK, Sheriff.

1. A chattel mortgagee, entitled under the mortgage to take possession of the property whenever he deems himself insecure, may maintain replevin against an officer who seizes the same under execution, without first paying, tendering or depositing the amount due on the mortgage, as required by Comp. Laws, Sec. 4389.

2. Where mortgaged chattels are wrongfully seized under execution, the right of the mortgagee to maintain replevin for their recovery, or their

value is unaffected by the fact that the mortgagor has other property covered by the mortgage, sufficient to pay the debt.

3. A mortgage on "all the crops of 1891 to be raised upon the N. E. 4, Sec. 6, Tp. 10, R. 48, consisting of 90 acres," sufficiently describes the property.

4. Where a note for money due plaintiff was, at his instance, made payable to a third person, who indorsed it to plaintiff without recourse, the latter is the real party in interest in respect to the note and the chattel mortgage securing the same, and may bring replevin against an officer who wrongfully levies on the chattels on execution against the mortgagor.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action in claim and delivery. From a judgment for plaintiff, and from an order overruling a motion for a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby* and *Aikens, Bailey & Voorhees*, for appellant.

When an officer, armed with an execution, levies on a part of property incumbered by mortgage, he can compel the mortgagee to exhaust the remainder of the security within his reach on which there are no subsequent liens out of which the mortgaged debt can be made, before holding the property on which a levy has been made. Comp. Laws, §§ 4337, 4655; 1 Story's Eq. Juris. 633; Keith v. Haggart, 4 Dak. 438, 33 N. W. 465; 14 Am. & Eng. Encyc. of Law 685.

The description "all of the crops of 1891 to be raised upon the N. E. 4, Sec. 6, Tp. 102, R. 48, consisting of ninety acres," is void for indefiniteness. Powers v. Larabee, 2 N. D. 141; 49 N. W. 724; Keith v. Hayden, 2 N. W. 495; Powers v. Bowdle, 54 N. W. 404.

*A. A. Polk,* for respondent.

The plaintiff's right to hold the security is not limited to the exact measure of his debt. He may hold enough to provide against death, fire, a falling market, litigation, etc. If defend-

ant wished to avail himself of this property to satisfy this execution, he had a right to take up plaintiff's note and be subrogated to his rights. Quackenbush v. O'Hare, 129 N. Y. 489; Evertson v. Booth, 19 Johns. 494; Norris v. Hix, 38 N. W. 397; McDonald v. Bowman, 58 N. W. 705: Vance v. Roberts, 12 S. E. 653; Gillespie v. Brown, 20 N. W. 632; Leading Cases in Equity, p. 275, *et seq;* Pomeroy's Eq., Vol. 3, p. 463 (note.)

The description was sufficient. Judd v. Anderson, 51 Ia. 347; Taylor v. Wright, 11 West. 428, 13 N. E. 529. "The rule in reference to description of personal property in written contracts is less rigid than those applicable to interests in land." Cobbey on Chattel Mortgages, § 159; Morris v. Connor, 12 S. E. 917; Carpenter v. Medford, 99 N. C. 495; Dunkhart v. Reinhart, 89 N. C. 354.

FULLER, J. To recover immediate possession of certain stacks of wheat and oats for the purpose of foreclosing a chattel mortgage thereon, for the reason that plaintiff deemed himself insecure, this action in claim and delivery was brought against a sheriff, who justified the seizure and sale thereof under an execution based upon a judgment existing against the mortgagor, I. N. Griffith, in favor of A. H. Wait for $207.41. The case was sent to a referee, upon whose findings of fact and conclusions of law the court entered judgment against the defendant in plaintiff's favor for a return of the property or for $795, the value thereof, in case a delivery could not be made. This appeal is by the defendant from said judgment, and from an order made after the entry thereof, overruling a motion for a new trial. Upon the ground that the following paragraphs of the answer constitute no defense to the action, a demurrer was interposed and sustained. Defendant "alleges that, if plaintiff had a valid chattel mortgage, as alleged in the complaint, it covered a large amount of personal property not mentioned in the complaint, which property was, at the time of the alleged attempt of foreclosure, in the possession of the said I.

N. Griffith and was worth and of sufficient value to satisfy any indebtedness owing, if any, from said Griffith to plaintiff, and secured thereby; that at the time of said levy and sale, this defendant notified the plaintiff that if he had any lien upon the property so levied upon, together with other property of said Griffith, that he satisfy the same out of the property not levied upon; that if any indebtedness exists in favor of the plaintiff against said Griffith, and secured by a chattel mortgage, as alleged in the complaint, the said plaintiff could at the said time have satisfied and gotten payment out of the property alleged to be covered by said mortgage other than that levied upon, and, if the same has not been done, it has been contrary to the desire and request of this defendant, and owing to the neglect of said plaintiff." From the complaint, which states a cause of action in claim and delivery, and from the chattel mortgage attached and made a part thereof, it appears that respondent, the assignee of the mortgage, is entitled to take possession of the personal property therein described whenever found, and whenever he deems himself insecure, or any attempt is made by any person to remove or dispose of said property, or any part thereof. As appellant seized the mortgaged property under an execution without first paying, tendering or depositing the amount secured thereby, as required by Sec. 4389 of the Comp. Laws, he was a trespasser as against respondent, from the beginning, and replevin is the proper remedy to recover the immediate possession of the property thus wrongfully taken and detained, or the value thereof, in case a delivery cannot be had. Comp. Laws, §§ 4972, 5063; Keith v. Haggart, 4 Dak. 438, 33 N. W. 465; Welch v. Sackett, 12 Wis. 243; Rankine v. Greer, 38 Kan. 343, 16 Pac. 680; Lorton v. Fowler, 18 Neb. 224, 24 N. W. 685; Frisbee v. Langworthy, 11 Wis. 375. The gist of the action being appellant's wrongful taking and detention of the property described in the complaint at a time when respondent was, under the express terms of his mortgage, entitled to the immediate actual possession thereof as against the world, the value

of other property included therein, but not levied upon, was not material, and the paragraphs of the answer relating thereto were properly eliminated on demurrer. If the mortgage was valid, the levy was void, and respondent, being entitled to all hypothecated security seized, could recover the possession thereof, or its value; and the fact that property remained sufficient to secure the mortgage indebtedness was in no manner essential to the action in claim and delivery. McDonald v. Bowman (Neb.) 58 N. W. 704.

Counsel for appellant urged at the trial and here maintain that the following description of the property in controversy contained in the chattel mortgage, is fatally defective: "All the crops of 1891 to be raised upon the N. E. 4, Sec. 6, Tp. 102, R. 48, consisting of 90 acres." The maxims of jurisprudence "that all is certain which can be made certain," and that "an interpretation which gives effect is preferred to one which makes void," have been made statutory canons of construction by which to determine the validity of the instrument before us. Comp. Laws, §§ 4725, 4728. As the rule in reference to a description of personal property, in a chattel mortgage is less rigid than that applicable to a real estate transaction, cases involving descriptions of premises conveyed by tax deed, though instructive, are not controlling. It cannot be claimed that the grain described in the mortgage was not in fact that which was seized and sold by appellant under the execution; and, in the absence of anything misleading or deceptive about the description of the land upon which said crops were grown, we are disposed to regard the recital under consideration sufficient. That both parties to the mortgage understood the property hypothecated to be 90 acres of I. N. Griffith's crops to be raised by him, in Minnehaha county, during the year 1891, on the N. E. ¼ of section 6, township 102, range 48, and that said 90 acres included all the crops to be raised thereon during that year, is too plain to admit of any doubt; and the description is entirely sufficient to enable a third person, exercising reasonable care,

to go upon the premises, and identify the property without further inquiry than the mortgage itself suggests. Bank v. Koechel, (S. D.) 66 N. W. 933. It was shown by competent evidence that the property levied upon was the identical property described in the mortgage, the recitals of which furnish a definite means of identification; and appellant, charged by the public records with notice of the existence thereof, acquired no right by the seizure of the property in the hands of the mortgagor, without first satisfying respondent's lien.

After introducing evidence to show the kind, number of bushels, and market value of the mortgaged grain, and to prove the net cash value of said property when levied upon in the stack, a witness who superintended the threshing and marketing thereof testified, merely on direct examination, that the expense thus incurred was $174.50. On cross-examination counsel for appellant offered to prove by this witness that at the execution sale of the grain, conducted by appellant as sheriff, the mortgagor purchased the same; and the court's ruling in sustaining an objection upon the ground that such evidence was incompetent, irrelevant, immaterial, and not proper cross-examination is assigned as error. Although it seems, from a cursory examination, that the subject of inquiry was neither related to, nor in any manner connected with, the fact stated on direct examination, nor material to or within the issues raised by the pleadings, the question presented need not be decided, as it clearly appears from the undisputed testimony of this witness, elicited by appellant's further cross-examination, that the mortgagor did not purchase the grain at sheriff's sale, or at all, but that the same was sold for $270, regulary, and without fraud or collusion, to the highest bidder; and that Griffith, the mortgagor, was thereafter employed to perform certain labor in caring for and in protecting the stacks, and in hauling the grain to market, for which services he was paid by the witness $103. The referee found the value of the grain in the stacks at the time of the seizure to be $700, and, as the evidence amply

sustains such finding, the court was fully justified in rendering judgment accordingly.

Although it appears that the aggregate consideration for the note made payable to H. L. Greene, to secure which the chattel mortgage was executed, consisted wholly of sums due from the mortgagor to respondent, and that said note was thus taken at the instance of respondent, to whom it was indorsed by Greene without recourse, the evidence fairly within the issues raised by the pleadings shows a sufficient delivery of said note; and respondent, as the real party in interest, can maintain this action against appellant, who alleges nothing that that would constitute a defense to the action, were the note and mortgage still in the hands of the assignor.  Comp. Laws, §§ 4870, 4872; Morris v. Morton, (Neb.) 15 N. W. 725; Cottle v. Cole, 20 Iowa 481; McWilliams v. Bridges, 7 Neb. 419.  Finding no error in the record, the judgment appealed from is affirmed.

