### ADVANCE THRESHER CO. v. SCHMIDT *et al.*

A chattel mortgage given in 1893 recited that "B., of the town of B., county of M., S. D.," conveyed to the mortgagee "my one-half share of all the crops raised upon the S. W. 4, Sec. 41—104—54; also the N. W. 4, Sec. 6—103—54,—consisting of wheat, oats, corn, and other grain as raised upon the above described land, as stated above, for the years 1894 and 1895." Then followed a description of cows and horses, and the statement that "all the above property is now in my possession," etc. *Held,* that the description of the grain mortgaged was sufficient.

(Opinion filed March 17, 1897.)

Appeal from circuit court, McCook county. Hon. J. W. JONES, Judge.

Action for the conversion of personal property. From a judgment in favor of defendants, and from an order denying plaintiff's motion for a new trial, it appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

The description in the mortgage was insufficient.   Powers v. Larabee, 2 N. D. 141, 49 N. W. 724; Powers v. Bowdle, 3 N. D. 107, 54 N. W. 404; Keith v. Hayden, 2 N. W. 494.

*A. C. Biernatzki* and *E. H. Wilson,* for respondents.

The description in a chattel mortgage is sufficient if it is such that the property can be identified by a third person, aided by such inquiries as the instrument itself suggest.   Jones, Ch. Mort., § 54; Cobbey Ch. Mort., § 161; Bank v. Koechel, 8 S. D. 391, 66 N. W. 933; Coughran v. Sundback, 70 N. W. 644.


FULLER, J.    This action between mortgagees for the wrongful conversion of personal property, resulted in a judgment in favor of the defendants, and plaintiff appeals therefrom, and from an order overruling a motion for a new trial.

On the 17th day of August, 1895, John and Mike Bies made to appellant a chattel mortgage upon the following personal property:   "One-half of the wheat raised during the year 1895 on the northwest quarter ($\frac{1}{4}$) of section six (6) in township one hundred three (103), in range fifty-four (54), in McCook county, South Dakota;" and for a defense to this action to recover the value of the property thus described respondents rely upon a foreclosed chattel mortgage, executed by Mike Bies to N. J. Schmidt on the 1st day of December, 1893, which contains the following recital:   "Know all men by these presents, that I, Mike Bies, of the town of Brookfield, county of McCook, South Dakota, of the first part, in consideration of three hundred sixty-two and 35-100 dollars, to me paid by M. G. Schmidt of Salem, South Dakota, party of the second part, receipt whereof is hereby acknowledged, have bargained and sold and by these presents do grant and convey, unto the said party of the second part, their heirs and assigns, the following goods and chattels, to-wit:   My one-half share of all crops raised upon the S. W. 4, Sec. 31—104—54; also the N. W. 4, Sec. 6—103—54,—consisting of wheat, oats, corn, and other grains as

raised upon the above described land, as stated above, for the years 1894 and 1895; one black cow with white in the face and white belly; one red and spotted cow; one black horse five years old; one bay horse with star on the forehead and two hind white feet, name Frank, eleven years old. All of the above property is now in my possession, and is free of all liens and incumbrances." Both mortgages were of record, and the sufficiency of the description in respondents prior mortgage is the only question to be determined. That a mortgage on personal property is sufficient as to the description, if it be such that a prudent disinterested person aided only and directed by such inquiry as the instrument itself suggests, is able to identify the property, is a well established rule, which this court has always recognized, and recently applied. Bank v. Koechel (S. D.) 66 N. W. 933; Coughran v. Sundback (S. D.) 70 N. W. 644. The ownership, possession, and location of the property when the mortgage was made are shown sufficiently to direct a third party to the mortgagor's residence on section 6 in Brookfield township, McCook county, S. D.; and it is reasonably apparent that, aided by such inquiries as the mortgage indicates, he would then be able to identify and select the mortgagor's one-half of all crops, consisting of wheat, oats, and corn raised during the year 1895, on the northwest quarter of the only section six in the township. Moreover, the minute and specific description of the live stock included in the mortgage, and which the mortgagor owned and kept in his possession at his place of residence, might afford essential and reliable information to a stranger in possession of the mortgage looking for the "N. W. 4, Sec. 6—103—54." As there is nothing particularly ambiguous, deceptive or misleading about the description of the premises, and the mortgaged crops were in fact identified, seized, and sold in satisfaction of respondent's lien, we conclude, from an examination of the entire instrument, that the description is sufficient to lead to identification, and impart notice to the world. The view we have taken disposes of the case. The judgment appealed from is affirmed.