## FIRST NAT. BANK OF PARKER v. PEAVY ELEVATOR CO.

1. The national banking laws do not prevent a national bank from selling on credit grain owned by it, and acquiring a seed-grain lien for the price, under a state statute.

2. Conceding that they do not contain such a prohibition, a national bank may nevertheless acquire such a lien if the federal government does not object.

3. A complaint to enforce a seed-grain lien is insufficient where it fails to allege when the grain was furnished, or that the grain in suit was produced from the seed furnished, or that a notice or account was filed in

the county where the buyer resided, or, if filed, that the filing was within 30 days after delivery of the seed. Comp. Laws, §§ 5490–5493.

4. The absence of such allegations was not cured by·recitals in the notice or account.

5. Comp. Laws, § 5492, provides that notice of a seed-grain lien shall describe the land on which the seed has been sown, and Sec. 5493 provides for the filing of the notice the same as a chattel mortgage, and declares that, when filed, it is notice to all subsequent purchasers or incumbrancers. *Held*, that a description substantially as follows: "Lands owned, occupied, rented, or used by me, and lying and being in the county of McCook, state of South Dakota, to-wit, the N. E. ¼ (quarter) section 9, in township 104 north, of range 36 west, and N. E. ¼ 18–104–56,"—was sufficiently definite.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, McCook county.     Hon. Jos. W. Jones, Judge

Action in conversion.     Plaintiff appeals from an order sustaining a demurrer to the complaint.     Affirmed.

The facts are stated in the opinion.

*Quigley & Wright,* for appellant.

Conceding for the purposes of the argument, that the action of the bank in taking a seed lien was *ultra vires*, such plea can only be raised in direct proceeding instituted by the government.     Bank v. Matthews, 98 U. S. 621; Fortier v. Bank, 112 U. S. 451; Amer. Button Hole etc. Co. v. Moore, 2 Dak. 280, 8 N. W. 135; Bank v. Hanson, 21 N. W. 849; Whitney Arms Co. v. Barlow, 63 N. Y. 69.

*E. H. Wilson,* for respondent.

HANEY, J.     It is alleged in. the complaint: "That the plaintiff is a corporation duly incorporated under the national banking laws of the United States, and that its place of business is located within the city of Parker, said state of South Dakota.     That the defendant is a corporation incorporated, created, and existing under and by virtue of the laws of the state of Minnesota, and that the said defendant, at the times hereinafter mentioned, has done, and at the present time con-

tinues to do, business within the state of South Dakota. That at all the times hereinafter mentioned the said plaintiff has been the owner of a special interest and property in, and entitled to the immediate possession of, the following described goods and chattels, to-wit, four hundred and fifty bushels of wheat, of the value of $200, by virtue of a certain seed lien given to said plaintiff, the First National Bank of Parker, by one John Dickens, for the purpose of securing the purchase price of seed grain furnished by the said plaintiff to said Dickens, and evidenced by one certain promissory note under date of July 25, 1895, for the payment of $92, November 1, 1895, to the order of this plaintiff, with interest at the rate of twelve per eent. per annum; said grain to be by said Dickens sown and planted during the farming season of the year 1895 upon the northeast quarter of section 19, township one hundred and four, and range fifty-six, lying and being in the county of McCook, said state of South Dakota, which said lien was duly filed for record on the 21st day of February, 1895, at 11 o'clock a. m., at the office of the register of deeds of said county of McCook, and of which the following is a copy, to-wit: [Here follows copy of account filed in the office of the register of deeds, with that officer's endorsement showing when it was filed.] That the said 450 bushels of wheat heretofore mentioned was planted, cultivated, and raised by the said John Dickens upon the said northeast quarter of section nineteen, township one hundred and four, and range fifty-six, lying and being in the county of McCook and state of South Dakota, during the farming season of the year 1895. That on or about the 1st day of October, A. D. 1895, the defendant obtained possession of the said grain, and wrongfully and unlawfully, at the village of Spencer, in the county of McCook, said state of South Dakota, converted the same to its own use, to the damage of the said plaintiff in the sum of $200, no part of which has been paid. That on the 13th day of November, 1895, the plaintiff, by its president, L. K. Lord, at the village of Spen-

cer, in said county and state, requested and demanded of the said defendant a redelivery of said grain; but it then refused, and still refuses, to deliver possession thereof to said plaintiff.'' Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed.

The contention that plaintiff is forbidden by the national banking laws from furnishing seed grain and taking the statutory lien, and therefore its alleged lien is void, cannot be sustained.   We are not aware of any law which prevents a national bank from selling grain of which it is the owner on credit, and availing itself of the security offered by the state statute.   If, however, it be conceded that plaintiff was not authorized to sell seed upon the security of the lien, it does not follow that the lien is void, as the authority of the bank to do so can be questioned only by the federal government.   Bank v. Mathews, 98 U. S. 621; Bank v. Whitney, 103 U. S. 99; Fortier v. Bank, 112 U. S. 439, 5 Sup. Ct. 234.   If plaintiff complied with the state statute, it is entitled to enforce its lien to the same extent as a natural person.   There are, however, defects in the complaint which warranted the circuit court in sustaining the demurrer. It fails to allege when the grain was furnished, and that the notice or account was filed in the office of the register of deeds of the county where the person to whom it was furnished resides.   It fails to allege that the account was filed within 30 days after the seed grain was furnished, and that the grain alleged to have been converted was produced from the seed furnished.   These, and perhaps other, omitted allegations are material and necessary in stating a cause of action under the statute.   Comp. Laws, §§ 5490-5493.   The absence of such allegations is not cured by recitals in the notice or account. The statute requires that the notice or account shall contain a description of the land upon which the seed has been or is to be sown.   Comp. Laws, § 5492.   It should be filed in the manner required by law for filing chattel mortgages, and operate

as a notice to all subsequent purchasers and incumbrancers of the property. Id. § 5493. The object of filing the account is the same as that intended by the filing of a chattel mortgage upon growing grain. A description of the land which would be sufficient in such a mortgage meets the requirements of, and secures the object intended by, this statute. In this case the description is substantially as follows: "Lands owned, occupied, rented, or used by me [the person to whom the seed was furnished], and lying and being in the county of McCook, state of South Dakota, to-wit, the N. E. ¼ (quarter) of section 9, in township 104 north, of range 36 west, and N. E. ¼ 18–104–56." This is definite enough for a chattel mortgage, and sufficient to give notice of the lien. Coughran v. Sundback (S. D.) 70 N. W. 644; Thresher Co. v. Schmidt, Id. 646. The order appealed from is affirmed, and the cause remanded for further proceedings according to law.