# FIRST NATIONAL BANK OF LEMMON, et al, Respondents, v. SIMPSON, et al, Appellants

## (280 N. W. 873.)

### (File No. 8168. Opinion filed July 14, 1938.)

C. G. *Carrell*, of Lemmon, for Appellants.

*Morrison & Skaug*, of Mobridge, for Respondents.

RUDOLPH, J. Two separate actions were consolidated for trial and have also been consolidated upon this appeal. The plaintiffs seek to recover against the defendants for the conversion of certain horses. These horses it is alleged were the property of one Henry Johnson and included in certain mortgages given to the plaintiffs. On November 8, 1933, Henry Johnson executed and delivered to the plaintiff, First National Bank, a chattel mortgage wherein he mortgaged to this plaintiff fourteen head of horses described as follows:

"2 mare colts 2 yrs. old,
"2 gelding colts 2 yrs. old,
"1 black mare 3 yrs. old, wt. about 1,000 lbs.
"1 mouse colored gelding 3 yrs. old, wt. about 900 lbs.,
"1 grey gelding 5 yrs. old, wt. about 1,100 lbs.,
"1 bay mare 6 yrs. old, wt. about 1,200 lbs.,
"1 bay mare 5 yrs. old, wt. about 1,200 lbs.,
"1 black mare 9 yrs. old, wt. about 1,300 lbs.,
"1 black mare 4 yrs. old, wt. about 1,200 lbs.,
"1 black mare 3 yrs. old, wt. about 1,100 lbs.,
"2 suckling colts."

In addition to the above description of the horses, this mortgage contained the following:

"It is the intention of the mortgagor to hereby mortgage all * * * horses * * * now in my possession or hereafter acquired whether specically described herein or not, * * *.

"* * * This mortgage is intended to cover all of the * * * horses * * * which the Mortgagor now owns or may hereafter acquire, whether herein above specifically described or not, and whether or not in excess of the above specified number, any such property now owned by the Mortgagor and not above specifically described having been omitted in such description by inadvertence or mistake, together with all increase and increase of all increase thereof * * *."

These horses were further described in the mortgage as being "situate on or near the SE¼ of Section 29, Township 20, Range 16, in the County of Perkins and State of South Dakota." On October 29th, 1930, Henry Johnson executed and delivered to the plaintiff Lemmon Auto Company a chattel mortgage wherein he mortgaged horses described as "9 head of work horses about 6

yrs. old, 3 2-year old colts, together with all increase from the same."

It is the contention of both plaintiffs that the defendants purchased from the mortgagor certain of the horses described in the mortgages. Defendants defended upon the grounds that the horses purchased were purchased from Henry J. Johnson, a son of the mortgagor, to whom the horses belonged, and that the horses were none of the horses described in the mortgage. The trial court submitted the case to the jury and the jury returned a verdict in favor of the plaintiffs. This is an appeal from the judgment and order denying the motion for a new trial.

For our present purpose we consider only the mortgage of the First National Bank. The evidence discloses that the horses here involved were kept on the premises described in the bank's mortgage. The defendants went out to this farm, looked at and made the deal for these horses. The evidence was conflicting as to ownership. Defendants introduced evidence tending to show that the horses belonged to the son, Henry J. Johnson. Plaintiff presented evidence tending to show that the horses were the property of the mortgagor, Henry Johnson, on whose farm the horses were located at the time of the sale. The jury by its verdict has accepted the version of the plaintiff that the owner was the mortgagor.

The evidence being sufficient to establish ownership of Henry Johnson, the mortgagor, the question arises whether the horses purchased by the defendant were covered by the mortgage of the First National Bank. We may concede, we believe, for the purposes of this opinion that the horses purchased by the defendant did not answer to the description of any of the fourteen horses specifically described in the mortgage.

The inquiry is, therefore, whether this mortgage which by its terms covers all horses owned by the mortgagor, either in his possession at the time the mortgage was given or acquired thereafter, and located on his farm in Perkins County, is valid as between these plaintiffs and defendants, and covers the horses defendants purchased.

We consider first the provision relating to horses to be acquired after the giving of the mortgage. This court said in the case of Alberts v. Alberts, 53 S. D. 463, 221 N. W. 80, 81:

"Since the handing down of the decision in McKay v. Shot-well, 6 Dak. 124, 50 N. W. 622, this court has consistently held that a chattel mortgage given on property to which the mortgagor has not yet acquired title is an agreement to create a lien, and that the contemplated lien attaches as soon as the mortgagor acquires the property. This is what is termed the equity rule, and is generally followed where the mortgages are held to be mere liens, and not transfers of title. Jones on Chattel Mortgages, § 170; Revised Code 1919, § 1529; McKay v. Shotwell, supra; Grand Forks Nat. Bank v. Elevator Co., 6 Dak. 357, 43 N. W. 806; Iverson v. Soo Elevator Co., 22 S. D. 638, 119 N. W. 1006; National Bank of Wheaton v. Elkins, 37 S. D. 479, 159 N. W. 60; Live Stock Nat. Bank v. Julius, 187 Iowa 748, 174 N. W. 489; Hellstrom v. First Guaranty Bank, 54 N. D. 322, 209 N. W. 379."

In the case of Iverson v. Soo Elevator Co., supra, the court said:

"Under the authorities in other states which recognize the present tendency to uphold such mortgages, we find many cases where mortgages are upheld upon property not yet acquired by the mortgagor, as upon live stock, such as horses, cattle, sheep, etc., and these same courts would uphold a mortgage given upon the offspring of cows, mares, and sheep; the mothers being owned by the mortgagor when the mortgage was given. We can see no reason why, if both of such classes of mortgages above referred to should be held good, a mortgage purporting to cover a mare not yet owned by the mortgagor, together with the increase thereof not yet born, should not be good, and we believe it was clearly the intent of our legislators in enacting section 2024 [now Section 1529, R. C. 1919] to cover such a case."

We think it clear, under these decisions, that horses acquired after the giving of the mortgage were covered by its terms, provided the description of the horses is sufficiently definite.

■■ Is a description of horses in a mortgage sufficiently definite which, without specifically describing the horses, states that the mortgage is to cover all horses owned by the mortgagor and in his possession on certain described land? Under the decisions of this court we think such a description sufficient. This court has consistently held that a mortgage on personal property is sufficient as to description, if it be such that a prudent disinter-

ested person aided only and directed by such inquiry as the instrument itself suggests, is able to identify the property. Thus it was held in the case of Hosmer State Bank v. First State Bank of Onaka, 48 S. D. 320, 204 N. W. 166, that a farmer who mortgaged fifteen cattle, specifically describing them, but who inserted in the mortgage this "being all the cattle I own", gave a valid mortgage on nineteen head of cattle which the evidence disclosed that the farmer owned at the time of giving the mortgage. In the present case the horses are described as being located on a certain farm. This court has been inclined, and justly so, to give weight to the description of mortgaged property which states the location of such property. In the case of Dorman v. Crooks State Bank, 55 S. D. 209, 225 N. W. 661, 64 A. L. R. 614, it was said:

"By reason of the location of the mortgaged chattels, stated in the lease, and by reason of the interpretation of the words 'used or situated upon the leased premises,' as above stated, we consider the clause for security in the lease for 1920 to be valid within the general rule frequently stated by this court. First Nat. Bank v. Koechel, 8 S. D. 391, 393, 66 N. W. 933; Advance Thresher Co. v. Schmidt, 9 S. D. 489, 491, 70 N. W. 646; Albien v. Smith, 24 S. D. 203, 212, 123 N. W. 675."

See, also, First National Bank v. Peavy Elevator Co., 10 S. D. 167, 72 N. W. 402; Fisher v. Porter, 11 S. D. 311, 77 N. W. 112; Catlett v. Stokes, 33 S. D. 278, 145 N. W. 554.

We are of the opinion that as between the parties in this action the description in the mortgage was sufficient to cover these horses which were by the verdict of the jury found to be the property of the mortgagor, and which according to the undisputed evidence were in his possession on the premises described in the mortgage at the time they were purchased by the defendants.

Being of the opinion that the horses in dispute were covered by the mortgage of the First National Bank, and the value of the horses as returned by the jury being less than the amount secured by the bank's mortgage, it is unnecessary for us to consider the mortgage of the defendant Lemmon Auto Company. Under the stipulation the two actions were "combined and consolidated for the purpose of trial with the understanding that there be but one recovery, same being the value of the property involved if re-

covery is had; and that this recovery be in discharge of both claims and both causes of action set out in the two complaints."

The judgment and order appealed from are affirmed.

All the Judges concur.