## ALEXANDER & COMPANY *et al. v.* MERCANTILE TRUST & DEPOSIT COMPANY.

The rule laid down by this court in the first head-note announced in the case of *Central Trust Co.* v. *Thurman,* 94 *Ga.* 735, upon a review thereof, is affirmed; and the present case is controlled by that rule.

*Atkinson, J.,* concurring specially.

Argued February 8-9,—Decided March 12, 1897.

Equitable petition.   Before Judge Fish.   Sumter superior court.   November term, 1895.

*Guerry & Hall, Guerry & Son, W. S. Thorington, C. H. Roquemore, R. L. Maynard, J. E. D. Shipp, J. A. Hixon* and *Clarke & Hooper,* for plaintiffs in error.

*Bacon, Miller & Brunson,* contra.

SIMMONS, Chief Justice.

The original petition in this case was an equitable one, and shows clearly that it was brought under section 3149(d) et seq. of the Code of 1882.   Civil Code, §2719 et seq.   The original plaintiffs had no equitable rights except those given under these sections of the code.   Without these code sections they would have had to reduce their claim to judgment and have the entry of nulla bona thereon, before they could have resorted to equity.   These sections give them a right to resort to the equity side of the court without judgment or lien, by showing that the corporation owes them debts which it failed to pay at maturity, that they demanded payment thereof and it was refused, and that the corporation is insolvent.   All these allegations were made in the original petition, and the court took jurisdiction and appointed a receiver under the petition thus filed.   The petition being

brought under the code, the distribution of the assets of the
insolvent corporation must be governed by the terms of the
code.  Section 3149(d) provides in substance that no creditor
shall acquire any preference, by any judgment or lien, on
any suit or attachment, after the filing of the bill, and all as-
signments and mortgages to pay or secure existing debts,
made after the filing of the bill, shall be vacated, and the as-
sets be divided pro rata among the creditors, preserving all
existing liens.  Thus it will be seen that no creditor without
a lien at the filing of the petition can obtain one after it is
filed in preference to any other creditor, but a creditor who
has a valid lien when the petition is filed is not interfered
with.  His lien is not displaced but preserved.  He occupies
the same place, as far as the lien is concerned, as if no peti-
tion had been filed and no receiver appointed.  The priority
and dignity of his lien stand upon the same plane they oc-
cupied before the commencement of the proceedings.  What-
ever may be the effect of a comparatively recent equitable
doctrine announced by the Federal and some of the State
courts in regard to certain preferential claims of certain
creditors in the distribution of the assets of insolvent railroad
companies, under creditors' bills filed in those courts, we
are clear that in a proceeding commenced under the above
sections of our code, no such preferential claims can exist.
These preferential claims are not such liens as those men-
tioned in the above cited section.  That section means *legal*
liens, liens accrued by contract or by judgment of the court
or those arising under a special statute.  The defendant in
error in this case before the filing of this bill had a valid,
subsisting, mortgage lien on the property of the railroad
company.  That lien, we have seen, must under the code
be preserved.  It cannot be displaced by creditors who have
no legal lien but who rely solely upon what they call a
preferential equity.

These are the views announced by this court in the case
of *Central Trust Co.* v. *Thurman*, 94 *Ga.* 735.  In the ar-

gument of the present case, permission was given to counsel
to review that case, and upon consideration thereof it is
affirmed by four of the Justices of the present court.

*Judgment affirmed. All concurring, except Fish, J.,*
*disqualified.*

ATKINSON, Justice, concurring specially.

Where the holder of a contract lien upon the property
of an insolvent chartered railroad company seeks, through
the aid of a court of equity, to have such lien set up and
established, invoking in his behalf the full exercise of its
chancery powers, he thereby, relatively to all persons who
may be equitably interested, submits himself to do complete
equity; and if there be charges upon the property in favor
of other persons which have not in strict law a lien, but
which are superior in equity to the claim or demand repre-
sented in the contract lien sought to be enforced, the court,
in adjusting the rights of the respective parties, has the in-
herent power to decree a preference in favor of the former,
even though the effect of such preference be to postpone the
payment of the sum secured by the contract lien to the
satisfaction of the equitable charge; and this is true whether
the holder of the contract lien appeared in the proceeding
as an original plaintiff, or was subsequently admitted as
such by intervention, and it is likewise true whether the
proceeding be instituted under section 2716 et seq. of the
Civil Code, or under the general law authorizing the filing
of petitions in equity.

In so far as the doctrine of the case cited as controlling
in the present case contravenes the principle above an-
nounced, it is, in my opinion, unsound, and being under
review, should be overruled, and to that extent I dissent
from the judgment of the court; but inasmuch as a majority
of the court are of the opinion that the decision in the case
cited should stand as law, I concur in the opinion that it is
controlling upon the questions made in the present case,

:and am, therefore, constrained to concur in the judgment
.of affirmance.