## Hewett v. Usher *et al.*

1. Testimony of the judgment creditor's attorney, that he had directed the justice to place the execution in the hands of the constable, without any evidence that the justice did so, and with no proof as to its contents, is insufficient justification in an action for wrongful conversion.

2. A creditor who fails to show the legality of the execution by which a wife's property was seized for her husband's debt cannot question the validity of the transfer from husband to wife, in an action by the wife for wrongful execution.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action by Alice Hewett against Isaac P. Usher and others to recover damages for conversion. Judgment for plaintiff, and defendant, the Sioux Falls Candy Company, appeals. Affirmed.

The facts are stated in the opinion.

*Alan Bogue, Jr.*, and *French & Orvis*, for appellant.

There was no delivery of the property to plaintiff, nor was there any change in the possession; the pretended sale was therefore fraudulent and void as against creditors. § 4657, Comp. Laws; Howard v. Dwight, 8 S. D. 398; 66 N. W. 935.

*H. G. Tilton* and *Gamble & Dillon*, for respondent.

Both parties having requested the court to direct a verdict, the court did not err in passing upon the facts, and if there is any evidence to sustain the decision, it will not be disturbed. Yankton Ins. Co. v. Railroad, 7 S. D. 428, 64 N. W. 514; Angier v. Western Co., 10 S. D. 82; 71 N. W. 761; Grigsby v. W. U. Tel. Co., 5 S. D. 561; 59 N. W. 734.

CORSON, P. J. This is an action by the plaintiff to recover the value of certain personal property alleged to have been taken and converted by the defendants. A verdict was directed for the plaintiff, and judgment entered thereon. From this judgment and an order denying a new trial the defendant, the Sioux Falls Candy Company, appeals to this court. In their answer to the complaint, the defendants, including the Sioux Falls Candy Company, justified the seizure and sale of the property under and by virtue of an execution issued out of a justice's court upon a judgment recovered by the said Sioux

Falls Candy Company against one R. J. Hewett, the husband of the plaintiff. On the trial the plaintiff introduced evidence tending to prove that the property in controversy had been sold to her by her husband R. J. Hewett, and that he had executed to her a bill of sale therefor prior to the seizing of the same. This evidence was not controverted, but the defendants claimed, and introduced evidence tending to show, that the sale was not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the property sold. At the close of the trial, both the plaintiff and defendants moved for the direction of a verdict. The motion of the plaintiff was granted, and that of the defendant, the Sioux Falls Candy Company, denied. The ground upon which the motion was granted does not affirmatively appear from the abstract. In respondent's additional abstract, she makes the following statement: "The defendants failed to show any justification, and the candy company is not shown to have any judgment, and no execution was offered in evidence." Appellant does not directly deny this statement, but insists that the existence of a judgment in justice court, the issuance of execution thereon, and seizure and sale of the property by the officer, were proved on the trial without objection. We are of the opinion, however that this claim is unfounded. The only evidence called to our attention which tends to sustain this contention is that of the witness R. J. Hewett, who, in answer to a question on cross examination, stated that a summons in the action of the Sioux Falls Candy Company against him was served upon him on or about November 5, 1895; and the evidence of Alan Bogue, Jr., who testified on the part of the plaintiff, that he was a member of the firm of Bogue & Kunkle,

attorneys at law at Centerville, S. D.; that he received a collection in June or July, 1895, from the Sioux Falls Candy Company; and he said: "I issued the execution in justice Vinton's court, and told him to put it in the hands of their constable and make the levy. I, acting for the Sioux Falls Candy Company, directed the issuance of the execution. I obtained that judgment you speak about, and directed the justice to inform the constable to levy upon the property." This evidence, apparently introduced on the part of the plaintiff to connect the Sioux Falls Candy Company and the other defendants with the seizure and sale of the property, cannot be held to supply the proof of the judgment, execution and return of the officer. No rule seems to be better settled than that requiring the officer, and those acting with him, in the seizure and sale of the property under execution, in order to enable him to justify, to prove that he has acted under a valid execution; as it is only fraud which obstructs the enforcement by legal process of his right to take the property affected by the transfer that can be avoided by a creditor. It is essential, therefore, that the existence of such process should be established by the production of the process itself, or by proof of its loss or destruction, and proof of its contents, that the court may determine its legality. It will be observed that the proof of the existence of any judgment in favor of the Sioux Falls Candy Company was very meager, and that there was no evidence that any execution was placed in the hands of an officer, or that the officer seized the property by virtue of any execution, or had any in his hands. The only evidence upon this subject is that of Mr. Bogue that he directed the justice to place the execution in the hands of the constable, but there is no evidence that the justice

did so. This court may fairly presume, therefore, that the trial court directed a verdict for the plaintiff, and denied the motion for a new trial, upon the ground that it regarded the proof insufficient to show a justification on the part of the officer or the Sioux Falls Candy Company. The transfer of the personal property by R. J. Hewett to the plaintiff being presumptively valid as between them, the Sioux Falls Candy Company not having shown that the property was seized under and by virtue of any legal process, was not in a position to question the validity of that sale. Upon the undisputed facts, therefore, the plaintiff was entitled to a verdict in her favor, and the court committed no error in directing such verdict. The conclusion reached by the court renders it unnecessary to discuss the other questions presented on this appeal. The judgment of the court below and its order denying a new trial are affirmed.