## ALBIEN v. SMITH et al.

Where a verdict is directed for plaintiff, a pure question of law is presented on appeal, and a motion for a new trial is unnecessary, as the appellate court is required to examine the evidence as presented by the bill of exceptions, assuming that the evidence on the part of defendants was uncontradicted; and hence a decision whether the assignments of error are sufficient is not necessary for the purposes of an opinion.

A chattel mortgage described the property mortgaged as "all the goods, wares, merchandise, chattels and effects mentioned and set forth in Schedule A and Schedule B, marked 'Schedule A' and 'Schedule B' hereto annexed and made a part hereof, said Schedule A covering and embracing all the goods, wares, chattels, fixtures and effects particularly set forth in bill of sale dated July 29, 1901," signed by the mortgagee and delivered to the mortgagor, said Schedule B embracing all the goods ordered by the mortgagor to be added to such stock in Schedule A, and of the estimated value of $500, and the property is further described as situated in a store upon a lot and in a city named. On account of a fire the property mortgaged was removed to a store in another block in the same city by permission of the mortgagee. **Held,** that the description sufficiently identified the property, and the permission to remove the same gave sufficient notice to all parties, after the filing of the

mortgage, of fact sufficient to identify the mortgaged property.

￼..ter a chattel mortgage had been given on a stock of goods, and on the day the mortgage was filed for record, the mortgagee gave the mortgagor written permission to sell the goods mortgaged in the usual manner, provided that the money realized from such sales should be applied to the payment of the indebtedness secured by the mortgage and in the purchase of new goods to be placed in the stock of the mortgagor, so that the security given to the mortgagor should not be impaired by the sale of goods. **Held,** that the mortgage as between the mortgagor and mortgagee covered after-acquired goods.

A receiver appointed for a debtor's property, in an action by a creditor, succeeds to the rights of the debtor only, and can make no defense to an action on a chattel mortgage which the debtor could not have made had he remained in possession of the property, and his appointment will not affect pre-existing liens on the debtor's property, or vested rights or interests of third persons therein.

Unless a creditor of a chattel mortgagor has acquired a lien on the property mortgaged, or proceeds against the mortgagee by a creditor's bill, he cannot question the character of the mortgage in an action against the receiver of the mortgagor's property to recover possession of the mortgaged property, except to make such defenses thereto as the mortgagor might have made had the action been against him personally prior to the appointment of the receiver.

Where a chattel mortgagee brings suit against the receiver of the mortgagor to obtain possession of the mortgaged property, or for a stated sum in case a delivery cannot be had, and the mortgage is shown to be valid as between the parties, and no lien by creditors is shown to exist, and the amount due is undisputed, it is proper for the court to direct a verdict for plaintiff on all issues, except as to the value of the property, and to submit the issue of the value to the jury, and to render the proper judgment for the amount due, after ascertaining the value of the property in the hands of the receiver.

On appeal from a judgment, in an action by a chattel mortgagee against the receiver of the mortgagor to recover possession of mortgaged property, where no motion was made to vacate the order permitting plaintiff to bring the action against the receiver on an ex parte motion, and the proofs and affidavits upon which the order was made are not before the appellate court, it will be presumed that the order was properly made by the trial court.

Where a motion to compel plaintiff to give security for costs, on the ground that she is a nonresident of the state, is denied, and there is a conflict in the evidence as to whether plaintiff was a nonresident, the appellate court, in the absence of such evidence from the record, will presume that the decision of the trial court was justified by the evidence.

(Opinion filed, Nov. 3, 1909.)

Appeal from Circuit Court, Custer County. Hon. Levi McGee, Judge.

Action by Anna A. Albien against J. R. Smith, receiver of the W. H. Walling. Mercantile Company, and W. H. Walling, to recover possession of mortgaged property, or the value thereof. A verdict was directed for plaintiff on all issues, except the value of the property, which was found by the jury. From the judgment and an order denying a new trial, defendant J. R. Smith appeals. Affirmed.

E. L. Grantham and W. E. Benedict, for appellant.  A. K. Gardner, Chauncey L. Wood, and A. T. Feay, for respondent.

· CORSON, J. This case is before us on an appeal by the defendant J. R. Smith, receiver of the W. H. Walling Mercantile Company, from a judgment rendered in favor of the plaintiff, and from an order denying a new trial. It is alleged in the complaint in effect that the defendant J. R. Smith was the duly appointed receiver of the W: H. Walling Mercantile Company, which had become the successor of W. H. Walling, in an action instituted by the Custer County Bank, a corporation; that on the application of the plaintiff for leave to sue the said defendant, the court by its order authorized and granted the plaintiff's application. It is further alleged that the plaintiff has a special ownership in certain personal property described in · a chattel mortgage executed and delivered by Warren H. Walling to the plaintiff to secure a promissory note for $2,689; that by the terms of said mortgage the said Walling was to pay to the said plaintiff the sum of $25 in monthly payments until the same should be fully paid, copies of which said mortgage and note are annexed to and made a part of the complaint; that the plaintiff is entitled to the possession of the property described in the complaint by reason of the fact that the mortgagor was in default, not having paid the monthly payments stipulated in the mortgage, and also for the reason that a receiver had been applied for and appointed; that the said Smith as such receiver was in the possession of said property, and, though the same was demanded from him, he had refused to deliver the same to the plaintiff; that the said property mortgaged consisted of a stock

of goods, wares, merchandise, and fixtures of which she claimed a special ownership by reason of being the owner of the said mortgage; that at the time said mortgage was executed and delivered it was agreed in writing that the said mortgagor should keep the stock of goods up, and not let it run down, and to purchase and to keep good said stock so that there should never be any less security in stock than there was at the time of giving the mortgage; and the plaintiff demanded judgment for the recovery of the possession of the said mortgaged property, or for the sum of $2,500, the value thereof, in case a delivery could not be had.

The defendant Smith in his answer admitted that he was the duly appointed, qualified, and acting receiver of the said Walling Mercantile Company, appointed in an action at the suit of the Custer County Bank, but denied that he had, at the time of the commencement of this action, any goods, wares, merchandise, fixtures, or property described in, or covered by, the mortgage annexed to said complaint and made a part thereof; denies that any of the property in his hands as receiver is, or was at any time, the subject of said mortgage, or subject to lien thereof or described therein. And the defendant alleges that the mortgagor, with the consent of the mortgagee, sold and offered for sale, and continued to sell off, the mortgaged property; that he, with the consent and knowledge of the mortgagee therein named, bought other goods not covered by said mortgage, and comingled them with those mortgaged; that, he with the consent and full knowledge of the mortgagee, conducted and carried on a general merchandise business at places other than that described in the mortgage as the location of the mortgaged property, and purchased additional stock on credit, for which he has not paid, and added same to said stock of goods from time to time; that he sold goods, wares, and merchandise of the stock mortgaged in excess of the amount of said mortgage, in his general business of merchandising converting the proceeds of the sale of said mortgaged property, with the full knowledge and consent of the mortgagee, to his own use and benefit, whereby the mortgage debt has been fully paid and become fraudulent and void; that there are a large

number of creditors of the said Walling Mercantile Company who were creditors of W. H. Walling, the mortgagor, mentioned in the complaint, and became so subsequent to the execution of said mortgage; that the goods, wares, and merchandise furnished by them to the said Walling on credit were added to the stock of goods now held by the defendant receiver, and for which said Walling at no time paid, and which said debts were assumed by the said corporation. Defendant denies that the plaintiff is the owner of the obligation for which said mortgage was given, and denies each and every allegation contained in said complaint, except so far as the same has been admitted by this answer.

At the conclusion of all the evidence, on motion of plaintiff's counsel, the court directed a verdict in favor of the plaintiff upon all the issues, except as to the value of the property, and the jury in its verdict found the value of the property to be $6,642. A judgment was thereupon rendered in favor of the plaintiff for the amount of $2,669.30, found by the court to be due the plaintiff upon her note and mortgage.

Numerous errors are assigned in the record, nearly all of which are claimed by the respondent to be unavailable for the reason that they were not presented to or discussed in the motion for a new trial; but, as the verdict in this case was directed, a pure question of law is presented to this court, and a motion for a new trial was therefore not necessary, as in such a case this court is required to examine the evidence as presented by the bill of exceptions, assuming, for the purposes of a decision, that the evidence on the part of the defendants was uncontradicted; hence a decision of the question as to whether or not the assignments of error are sufficient will not be necessary for the purposes of this opinion.

It is disclosed by the evidence that the plaintiff was the owner of a stock of goods, wares, and merchandise and fixtuers in Custer City, and sold and transferred the same to the defendant W. H. Walling for the consideration of $3,689, $1,000 of which was paid in cash, and the balance by note, upon which the sum of $25 was to be paid monthly until paid; that said note was secured by a chattel mortgage upon the said stock of goods and

fixtures; that it was agreed between the plaintiff and said Walling that the said Walling might sell and dispose of the goods in the usual course of business, using the proceeds, after paying the amount to be paid monthly on the note and necessary expenses, to purchase new goods, and that said Walling agreed to use such excess of receipts in keeping said stock of goods up to its then present condition; that the said Walling took possession of said goods, and continued for a time to carry on the business, and that for several months the said Walling paid the $25 monthly, and purchased other goods to a considerable amount from various parties, and added the same to the stock, and that for some reason, not fully disclosed by the record, a corporation was formed, known as the W. H. Walling Mercantile Company, and the stock of goods transferred to it; that subsequently to the execution of the mortgage by Walling to the plaintiff, and before the same was placed on record, the Custer County Bank advanced to said Walling about $900, and took his note therefor; that at the time Walling transferred the property to the Mercantile Company, the note made by him to the bank had not been paid, and the bank thereupon commenced an action upon the note, and in that action a receiver was applied for, and the defendant appointed as such receiver, to take possession of the stock of goods in the possession of the said mercantile company; that, Walling and the mercantile company being in default in the payment of several installments due upon the note secured by the chattel mortgage, the plaintiff through her agent, demanded possession of the receiver of the stock of goods claimed by her under and by virtue of the chattel mortgage, which he refused to deliver to her, and thereupon this action was commenced to recover possession of the said property for the purpose of foreclosing the said chattel mortgage on the same. The defendant Walling, so far as the record discloses, filed no answer in the case. The defendant Smith gave evidence as to the material facts alleged in his answer.

At the close of all the evidence the plaintiff moved the court to direct a verdict in favor of the plaintiff upon all the issues, except as to the value of the property, for the reasons: (1) That the undisputed evidence shows that the mortgage executed

by Walling upon the property was given for a valid and subsisting obligation, and for securing a bona fide debt to the plaintiff; that default in the terms of said mortgage was made prior to the commencement of the action, by the transfer and disposal of said property by the said W. H. Walling to the mercantile company without the written consent or knowledge of the plaintiff, and that the terms of said mortgage were further broken by the failure of the mortgagor to pay the debts secured by the mortgage, when the same, by the terms thereof, became due and payable. (2) And for the further reason that it appears by the undisputed evidence that, by the terms of said mortgage and the agreement of the parties, said mortgage covered and included all additions to the stock, and that by the agreement between the parties sales were made in the course of trade, and the proceeds of said sales were expended in replenishing the said stock, paying the necessary expenses of conducting the said business, and making payments on the mortgage debt. (3) And for the further reason that as a matter of law the said mortgage was valid, and not fraudulent, as between the parties thereto, and there is no evidence tending to show that it was fraudulent in fact. (4) And for the further reason that it appears from the undisputed evidence that the defendant in this action has acquired no lien or claim upon the property in controversy, or any part thereof, and that none of the creditors of Walling, or of the Walling Mercantile Company, have acquired any lien upon, or claim to, the specific property in controversy. (5) And for the further reason that the defendant cannot avail himself of any defense that would not be available to the mortgagor, and that there is no disputed question of fact to submit to the jury, excepting the sole question as to the value of the stock of goods; it appearing from the undisputed evidence that demand was duly made for the possession, and refused by the receiver, and it also appearing from the undisputed evidence that at and prior to the commencement of this action the plaintiff was entitled to the possession of the property in controversy, and is now entitled to the possession thereof by reason of her special property therein.

Vol. 24 S. D. 14.

The defendant, before the decision of the motion of the plaintiff, moved the court to strike out all of the evidence as to the chattel mortgage, the basis of plaintiff's claim, for the reason that the description therein was insufficient to give notice to third persons. The defendant further moved the court to instruct the jury that the mortgage in evidence did not cover after-acquired property, and that the extent of the recovery of the plaintiff is the value of the property covered by the mortgage at the time it was given, and in the stock at the time the receiver took possession. The motions of the appellant were denied, and the motion of the plaintiff was granted, and a verdict returned by the jury under the direction of the court, as before stated, fixing the value of the property at $6,642. The court thereupon determined the amount due the plaintiff, and entered a judgment in her favor for the possession of the property, or in default thereof that she recover the sum of $2,669, which the court found to be the balance due her upon the note and mortgage.

The property described in the chattel mortgage consists of: "All the goods, wares, merchandise, chattels and effects mentioned and set forth in Schedule A and Schedule B, marked 'Schedule A' and 'Schedule B' hereto annexed and made a part hereof, said Schedule A covering and embracing all the goods, wares, chattels, fixtures and effects particularly set forth in bill of sale dated July 29, 1901, signed by Anna A. Albien and delivered to said Warren H. Walling, said Schedule B embracing all the goods, wares and merchandise now ordered by said Walling to be added to said stock in Schedule A, and of the estimated value of $500." As printed in the abstract, in giving a copy of the chattel mortgage the value of the additional property was fixed at $1,500, but upon turning to Schedule B, which is also printed in the abstract, it appears that the value of the property was $500, and the $500 is inserted twice in the Schedule B, and we, therefore, assume that $500 was the correct value of the property. Schedules A and B were annexed to and made a part of the chattel mortgage at the same time it was executed, and were filed for record as a part of the chattel mortgage.

Nineteen days subsequently to the execution of the mortgage,

and on the day it was filed for record, the plaintiff gave written permission to the mortgagor Walling, in substance, as follows: Said Walling is authorized to sell and dispose of the goods, wares, and merchandise described in the said mortgage in the usual manner followed by retail dealers, and in carrying on the business of retailing goods, wares, and merchandise, provided, however, that the money realized from any such sales should be applied to the payment of the indebtedness secured by said mortgage, and in the purchase of new and additional goods, wares, and merchandise, to be placed in the stock of the mortgagor, so that the security given to the said mortgagor should not become impaired by reason of the sale of goods thereby authorized. This permission to sell the goods was not filed for record. The evidence was undisputed that Walling complied with this agreement by selling goods in the usual course of business, and applied the proceeds, after paying expenses, in purchasing new goods for the business, and that there was an oral agreement between him and the plaintiff, made at the time the mortgage was executed, embodying substantially the terms of the above-written agreement. No evidence was offered on the part of the plaintiff proving, or tending to prove, that any material part of the goods in the store at the time of the execution of the mortgage came into the possession of the defendant as receiver, except goods invoiced at $219.20. When the chattel mortgage was offered in evidence, it was objected to by the defendant, on the grounds: "(1) That it is too indefinite in description to cover any specific property. (2) That by its terms it is a fraudulent mortgage. By means of Schedule B there is an attempt to mortgage $500 worth of goods without designation from whom the same are bought, or whether they had any existence or, anything to indicate the kind or character of the goods; and, it further appearing from the mortgage that the same was not filed for record until the 17th day of August, the same is fraudulent as to creditors furnishing the $500 worth of goods bought, and whose goods are admitted by the contract of mortgage to be covered by it. Further, that there is no proof of its execution. Objection overruled."

It is contended by the appellant that the mortgage is void

for the reason that there is no sufficient description of the property mortgaged. This contention, in our opinion, is untenable, as a mortgage of a stock of goods may be made in general terms when there is a sufficient description to identify the same. In the mortgage in controversy the stock of goods is described as being the same sold by the plaintiff to the defendant, and situated in a store upon a certain lot in Custer City. On account of fire the stock of goods was removed to a store in another block in the same city, by permission of the plaintiff. This permission is prima facie sufficient to give notice to all parties, after the filing of the mortgage, of facts sufficient to enable such party seeking information to identify the stock of goods mortgaged. In First National Bank v. Koechel, 8 S. D. 391, 66 N. W. 933, this court, in discussing the question of what constitutes a sufficient description in a chattel mortgage, uses the following language: "If a person of ordinary prudence, acting in good faith, and making the inquiries suggested by the mortgage, would have been enabled to identify the mortgaged property, the description is sufficient." The mortgage in the case at bar clearly comes within the rule laid down in the above case, and the court committed no error in admitting in evidence the chattel mortgage; its execution having in effect been admitted by the answer.

It is contended by the appellant that the mortgage itself does not cover after-acquired goods; but we are of the opinion that, as between the plaintiff and the mortgagor Walling, the mortgage taken in connection with the written permission to Walling, authorizing him to sell the goods in the usual course of trade, and to apply the proceeds to the purchase of goods to keep up the stock in its then present condition, clearly shows that it was the intention of the parties to include and cover by the mortgage all goods that might be thereafter purchased and subsequently added to the stock. The court, therefore, in construing the mortgage will carry out, as far as possible, the intention of the parties, as disclosed by the instruments executed between them, and we are of the opinion, therefore, that the court was clearly right in construing the mortgage in this case as covering after-acquired goods, and that it committed no error in denying

defendant's motion. Clearly, therefore, as against Walling the mortgage was valid and binding; and, so far as the record discloses, no defense set up in the action could have been interposed by him as against the plaintiff's right of recovery.

The defendant as receiver occupied the place of Walling, and succeeded to his rights only, and he is not therefore in any position to make any defense that Walling could not have made had he remained in possession of the property. 23 Am. & Eng Enc. of Law, 1091-1093; Bell v. American Protective League, 163 Mass. 558, 40 N. E. 857, 28 L. R. A. 452; Ellis v. Boston, etc., Ry. Co., 107 Mass. 1; American, etc., Bank v. McGettigan, 152 Ind. 582, 52 N. E. 793; Bates v. Wiggin, 37 Kan. 44, 14 Pac. 442; Ward v. Healy, 114 Cal. 191, 45 Pac. 1065; Pelletier v. Greenville Lumber Co., 123 N. C. 596, 31 S. E. 855; Chicago, etc., Co. v. Smith, 158 Ill. 417, 41 N. E. 1076; Totten Foundry Co. v. Munsey Nail Co., 148 Ind. 372, 47 N. E. 703; Central, etc., Co. v. Buchanan, 90 Fed. 454, 33 C. C. A. 598.

In 23 Am. & Eng. Ency. of Law, supra, the law as to the rights of receivers is stated as follows: "The appointment of a receiver for property does not affect pre-existing liens upon the property, or vested rights or interest of third persons therein. * * * A receiver, it is held, succeeds to only such right, title, and interest in the property as the individual or corporation for which he is appointed receiver had at the time the appointment was made. The receiver takes his title to the property subject to all the equities to which it was subject in the hands of the debtor." As neither the receiver nor the creditors had acquired a lien upon the property, the only defenses available to the receiver are such as might have been interposed by Walling, the mortgagor. So far as the record discloses, neither of the creditors of Walling or the mercantile company had attached or levied upon the mortgaged property; and, without in some manner obtaining a lien upon the property, they were not in a position to question the character of the mortgage, execpt to make such defenses thereto as the mortgagor might have made had the action been against him personally, prior to the appointment of a receiver. Hewett v. Usher et al., 11 S. D. 512, 78 N. W. 993;

Griswold v. Sundback, 4 S. D. 441, 57 N. W. 339; Yetzer v. Young, 3 S. D. 263, 52 N. W. 1054; Alexander v. Mercantile Company, 100 Ga. 537, 28 S. E. 235. In the case of Hewett v. Usher, supra, this court, in discussing a similar question, says: "The transfer of the personal property by R. J. Hewett to the plaintiff being presumptively valid as between them, the Sioux Falls Candy Company, not having shown that the property was seized under and by virtue of any legal process, was not in a position to question the validity of that sale. Upon the undisputed facts, therefore, the plaintiff was entitled to a verdict in her favor, and the court committed no error in directing such verdict."

In the case of Alexander v. Mercantile, etc., Deposit Co., supra, the Supreme Court of Georgia says: "Thus it will be seen that no creditor, without a lien at the filing of the petition, can obtain one after it is filed in preference to any other creditor; but a creditor who has a valid lien when the petition is filed is not interfered with. His lien is not displaced, but preserved. He occupies the same place, as far as the lien is concerned, as if no petition had been filed and no receiver appointed. The priority and dignity of his lien stand upon the same plane they occupied before the commencement of the proceedings. * * * The defendant in error in this case, before the filing of this bill, had a valid subsisting mortgage lien on the property of the railroad company. That lien, we have seen, must, under the Code, be preserved. It cannot be displaced by creditors who have no legal lien, but who rely solely upon what they call a 'preferential equity.'" It is clear, therefore, that neither the receiver nor any of the creditors of Walling or of the mercantile company were in a position to question the validity of the mortgage in this case, and hence the court was clearly right in disregarding all the evidence on the part of the defendant proving, or tending to prove, the invalidity of the mortagage. The mortgage being clearly sufficient and presumptively valid as between the parties thereto, neither the receiver nor the creditors are in a position to question its validity, or to interpose any defense, except such as might have been interposed by the mortgagor. The court was clearly right, therefore, in denying defendant's motion to submit the validity of the mortgage to the jury.

It is further insisted by the respondent that the agreement permitting the mortgagor to sell the mortgaged property in the usual course of business and apply the proceeds of such sale to the payment of running expenses, replenishing the stock and the reduction of the mortgage debt, did not render the mortgage void as between the parties, nor as to third persons. McKay v. Shotwell, 6 Dak. 124, 50 N. W. 622; Greeley v. Winsor, 1 S. D. 117, 45 N. W. 325, 36 Am. St. Rep. 720; Black Hills Co. v. Gardiner, 5 S. D. 246, 58 N. W. 557; Meyer Boot & Shoe Co. v. Shenkberg, 11 S. D. 620, 80 N. W. 126; Armstrong v. Ford, 10 Wash. 64, 38 Pac. 866; First Nat. Bank v. North, 2 S. D. 480, 51 N. W. 96. Of course, when one has acquired a lien upon property by levy or attachment or execution, or proceeds against the mortgagee by a creditor's bill, he may attack the mortgage, and show that it is in fact fraudulent as against creditors. But as we have seen the defendant receiver was not in such a position.

The proceedings of the court in directing the jury to find the value of the property, and thereafter ascertaining the amount due the plaintiff, and rendering the proper judgment therefor, were not in our opinion erroneous. The amount due the plaintiff seems to have been undisputed, and, the action being one in claim and delivery, it was necessary for the jury to find the value of the property, and it was perfectly proper for the court, the evidence being undisputed as to the amount due the plaintiff, to enter a judgment to recover that amount in case the property could not be delivered. This question was discussed in the case of the National Bank v. Feeney, 9 S. D. 550, 70 N. W. 874, 46 L. R. A. 732. In that case the court directed the jury to find the value of the property to be $800, and entered judgment for the return of the property of the value thereof, whereas it appears that the sum due the plaintiff on the note and mortgage was $510.50. The jury did not determine by their verdict what was due the plaintiff, but it appeared from the undisputed evidence, as in the case at bar. The court, in discussing this question, says: "The judgment of the circuit court should be so modified, therefore, that it shall be for the recovery of the mortgaged property, or, in case a delivery cannot be had, for the amount

due upon plaintiff's notes and mortgage, interest, and costs; and the circuit court is directed to modify the judgment as above indicated, and, as so modified, it is affrmed." The trial court in this case seems to have followed the views expressed by this court in the opinion in that case.

It is contended by the appellant that the court erred in making its order permitting the plaintiff to bring the action against the receiver upon an ex parte motion. No motion was made, however, to vacate the order, and the proofs or affidavits upon which the order was made are not before us. We must presume therefore, in the absence of such proof, that the order was properly made by the trial court.

At the commencement of the trial a motion was made by the appellant that the plaintiff, being a non-resident of the state, should give security for costs, which motion was denied by the court, and he now contends that the court erred in denying this motion. It appears, however, from the abstract that there was a conflict in the evidence before the court as to whether or not the plaintiff was in fact a non-resident of the state; and, in the absence of such evidence from the record, this court will presume that the decision of the trial court upon that question was justified by the evidence.

We have discussed all the questions that we deem of sufficient merit to be entitled to a separate discussion, but we have not overlooked the other points made in the case by the appellant.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J., dissents.