## ALBIEN v. SMITH.

An appellate court, in the absence of proper allegations and facts in the record, cannot assume that a receiver is authorized to assert the rights of general creditors.

Where a chattel mortgage provided that the mortgagee should have possession for the purpose of foreclosure, a right to possession as against a receiver appointed in a creditor's action could be defeated only by allegation and proof by the receiver of facts showing authority in him to assert and defend the rights of creditors.

The right of a receiver appointed in a creditor's action to defeat a chattel mortgagee's right to possession for the purpose of foreclosure is not shown by a mere allegation of the receiver's appointment, and that there are creditors of the mortgagor who, though not parties to either action, might defend against the claims of the mortgagee.

Prior to the recording of a chattel mortgage on a stock of goods, the mortgagor borrowed $900 from a bank, pledging certain stock of a corporation, to which the mortgagor conveyed the stock subject to the mortgage, as collateral security. A receiver having been appointed in a suit by the bank to recover its debt, the mortgagee sued for possession to foreclose under the terms of the mortgage, and, though the receiver answered denying the validity of the mortgage, there was no allegation that the bank had any equitable or other lien on the assets of the corporation as a holder of the corporate stock. Held, that there was therefore no allegation showing that the receiver had any right as the representative of creditors to defend against the mortgage not available to the mortgagor, under the rule that a creditor who has no lien on the debtor's property may not assert the invalidity of a chattel mortgage as fraudulent under the statute.

(Opinion filed December 3, 1910.)

On rehearing. Affirmed.

For former opinion, see 24 S. D. 203, 123 N. W. 675.

SMITH, J.  This case is before us on rehearing.  The original opinion is found in 24 S. D. 203, 123 N. W. 675.  The case is there fully stated, and it is unnecessary to restate the facts except as they relate to the particular question presented upon this rehearing.  Briefly stated, the pertinent facts are as follows: Custer County Bank brought an action against the Walling Mercantile Company, and, upon certain grounds which are not challenged on this appeal, one J. R. Smith was appointed receiver of the assets of the Mercantile Company and took into his possession all its merchandise.  Prior to the action by the Custer County Bank, W. H. Walling executed a mortgage on the stock to Anna A. Albien, who is plaintiff in this action.  The plaintiff, Albien, demanded possession of the merchandise from the receiver, who refused to surrender possession, and this action was instituted in claim and delivery.  Upon the trial it was disclosed that the plaintiff, Albien, some time prior to the transactions above stated, being then the owner of a stock of merchandise, sold the same to the defendant Walling, for a consideration of $3,689, $1,000 of which was paid in cash and the balance by note upon which the sum of $25 was to be paid monthly until paid, a note for the balance of the purchase price being secured by the chattel mortgage hereinbefore referred to.  At the time the mortgage was given it was orally agreed between Anna A. Albien and Walling that Walling might sell and dispose of the goods in the usual course of business, and after paying the amount to be paid monthly on the note, and necessary expenses, should use the proceeds of sales to purchase new goods, to keep the stock up to its then condition or value.  Walling took possession and continued for a time to carry on the business, and for some months paid the $25 per month, and purchased considerable quantities of goods from various parties, and added them to the stock.  Nineteen days after the execution of the mortgage and on the day it was filed for record, plaintiff, Albien, gave written permission, in substance the same as the former oral agreement, to the mortgagor, Walling, authorizing

him to sell and dispose of the stock in the usual manner by retail, and providing that the money realized from sales should be applied in payment of the indebtedness secured by the mortgage, and in the purchase of additional goods to be placed in stock. This written permission to sell was never placed of record. Thereafter a corporation was formed, known as the W. H. Walling Mercantile Company, and the stock of goods then on hand was transferred to it. Subsequently to the execution of the mortgage by Walling, but before the same was placed of record, and without notice, the Custer County Bank loaned to Walling about $900 and took his note therefor, which note had not been paid at the time of the transfer of the stock of merchandise to the Walling Company. The bank began an action upon the note, in which action Smith was appointed receiver and took possession of the stock of goods then held by the Mercantile Company.

The evidence on the trial disclosed that none of the original stock of merchandise mortgaged came into possession of the receiver, except goods invoiced at $219.20. The verdict of the jury directed by the court fixed the value of the merchandise in possession of the receiver at $6,642 and the value of the plaintiff's interest therein under her chattel mortgage, at the sum of $2,669. At the trial plaintiff offered in evidence the chattel mortgage, which was objected to on the ground that the same was fraudulent as against creditors of Walling by reason of the permission given to sell the goods, evidenced by a secret writing unknown to the creditors of Walling and not filed as part of the chattel mortgage, which objection was overruled and the mortgage received in evidence. At the close of the evidence, the court directed a verdict for plaintiff, and that the jury assess the value of the property in controversy and the amount of plaintiff's special interest therein, as above stated. In the former decision upon the question now before us, this court said: "It is contended by the appellant that the mortgage itself does not cover after-acquired goods; but we are of the opinion that, as between the plaintiff and the mortgagor, Walling, the mortgage, taken in connection with the written permission to Walling authorizing him to sell the goods in the

usual course of trade, and to apply the proceeds to the purchase of goods to keep up the stock in its then present condition, clearly shows that it was the intention of the parties to include and cover by the mortgage all goods that might be thereafter purchased and subsequently added to the stock. The court, therefore, in construing the mortgage, will carry out, as far as possible, the intention of the parties, as disclosed by the instruments executed between them, and we are of the opinion, therefore, that the court was clearly right, in construing the mortgage in this case as covering after-acquired goods, and that it committed no error in denying defendant's motion. Clearly, therefore, as against Walling the mortgage was valid and binding; and, so far as the record discloses, no defense set up in the action could have been interposed by him as against the plaintiff's right of recovery. The defendant as receiver occupied the place of Walling and succeeded to his rights only, and he is not therefore in any position to make any defense that Walling could not have made had he remained in possession of the property."

This statement of the law is challenged upon this rehearing as not being correct in its application to the facts in the record. It is strenuously urged by appellant that Smith, as receiver, succeeded not only to all the rights of the Walling Mercantile Company, but also to the rights of all the creditors of the company, and therefore should have been permitted to assert the invalidity of the mortgage on behalf of creditors generally. This contention is based upon the assumption of a fact not pleaded in the answer, that the receiver appointed at the suit of the Custer County Bank, a holder of corporate stock of the Walling Mercantile Company as collateral to its indebtedness, became vested with an equitable claim or lien upon the assets of the corporation as a holder of its corporate stock, and was therefore in a position to question the character of the plaintiff's mortgage, even though it be conceded that the Walling Mercantile Company might not question it. But no such defense is pleaded in the answer of the receiver, nor does it appear from the record that any such contention was made at the trial. It is not necessary to decide in this case, and we are

not to be understood as holding, that a receiver cannot, under any state of facts, assert the invalidity of a mortgage upon property in his hands.    That the appointment of a receiver does not affect valid pre-existing liens or equities is elementary and requires no discussion.    The powers, duties, and rights of receivers depend so largely upon the nature of the particular action and the purposes of the receivership that an appellate court, in the absence of proper allegations and facts in the record, cannot assume that a receiver is authorized to assert the rights of general creditors.    The right of the plaintiff to possession of the stock under her mortgage for purposes of foreclosure is given by the terms of the mortgage, and such right could be defeated only by allegation and proof by the receiver of facts showing authority in him to assert and defend the rights of creditors.    Such authority is not made apparent merely by an allegation of his appointment, and that there are creditors of the mortgagor who, though not parties to either of the actions, might defend against the claims of the mortgagee.    It is sufficient for the purpose of this appeal to hold that no issues are presented by the pleadings upon any facts from which an equitable lien or any lien or right in favor of the receiver, as a representative of the Custer County Bank, or otherwise, can be inferred, as contended by appellant, and the case therefore falls within the well-settled rule that a creditor who has no lien upon the debtors' property is not in position to assert the invalidity of a chattel mortgage under the statute.    The action is in claim and delivery, and no defense is pleaded to invoke the equitable doctrines so ably discussed in appellant's brief.

Our former decision is affirmed.

WHITING, P. J.    So far as any question that is raised upon this rehearing, I am of the opinion that the former opinion of this court was correct, and I therefore concur in the foregoing opinion of Justice SMITH.