HUNDLEY DRY GOODS COMPANY, Appellant, v. ALBIEN et al., Respondents.

(142 N. W. 49)

1. **Execution—Levy on Receiver's Money.**

    No title passes by a levy upon moneys belonging to a receiver and on deposit with a bank to receiver's credit.

2. **Judgment—Judgment in Replevin Against Receiver—Levy Upon.**

    A judgment against a receiver for possession of mortgaged chattels, being held by the receiver of mortgagor, vested in the judgment creditor only such rights as he would have acquired if no receiver had been appointed and a judgment in replevin had been rendered against the mortgagor himself, and appellant's rights under its levy upon such judgment are measured accordingly.

3. **Judgment Creditor of Fraudulent Mortgagor—Rights of Creditor in Mortgagee's Judgment Against Mortgagor.**

    A judgment creditor of a chattel mortgagor, as to whom the mortgage was fraudulent and void, can claim no rights in the mortgagee's judgment of replevin against the receiver of mortgagor for the chattels or the unpaid mortgage debt, nor in an appeal bond executed by such receiver.

(Opinion filed June 6, 1913.)

Appeal from Circuit Court, Custer County. Hon. Levi McGee, Judge.

Action by the Hundley Dry Goods Company against Anna A. Albien and others, to enforce plaintiff's alleged rights under execution levies made under its judgment against the defendant W. H. Walling Mercantile Company, upon defendant Anna A. Albien's judgment in replevin against the defendant J. R. Smith as receiver of said Mercantile Company, and upon an appeal bond executed by defendant United States Fidelity & Guaranty Company upon appeal from said judgment against the receiver. From an order

sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Eben W. Martin,* and *Norman T. Mason,* for Appellant.

This judgment in favor of Mrs. Albien, levied upon by appellant and purchased by it on execution sale represents and takes the place of the mortgaged property, and a levy upon it is a levy upon the mortgaged property in its transmuted form. Consequently plaintiff and appellant is entitled to attack the validity of Mrs. Albien's mortgage; if the attack is sustained the judgment, though rendered in her name, is held by her under a title which is void as to the creditors of the mortgagor; and instead of being held by her for her own use, is held by her in trust for the creditors, including appellant. If this were not so, then a fraudulent mortgagee could always defeat her mortgagor's creditors, provided only she could get so far before attack by the creditors as to transmute her mortgage claim into a judgment for conversion. Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.

The property of a debtor cannot be placed beyond the reach of his creditors by changing its form or by substituting other property.

Creditors may follow and subject the fund or proceeds resulting from a fraudulent conveyance and pursue the same into any property in which it may have been invested, unless it has reached the hands of a bona fide purchaser for value. 20 Cyc. 389.

The complaint shows that plaintiff has acquired a lien upon the mortgaged property in its transmuted form by levy of its execution thereon, and as such is entitled to attack the validity of respondent's chattel mortgage. Rev. Civ. Proc. Sec. 366 and 340; Acme Co. v. Hinkley, 23 S. D. 509.

*Buell, Gardner & Denu,* for Respondent.

WHITING, P. J. This cause is before us upon appeal from an order of the trial court sustaining respondent's demurrer to appellant's complaint herein; the demurrer being upon the ground that the facts alleged in said complaint do not constitute a cause of action. The demurrer confesses the following facts: In July, 1901, one Walling gave to respondent his promissory note, together with a chattel mortgage securing said note and covering a stock of goods, wares, and merchandise. While this mortgage was still in existence and the mortgage debt unpaid, the said Walling

transferred the stock of merchandise then remaining in his possession to a corporation known as the W. H. Walling Mercantile Company; it being one of the defendants herein and hereinafter spoken of as the mercantile company. In December, 1902, in an action brought by a creditor of the mercantile company, one Smith was appointed receiver of said mercantile company and, as such, took possession of the stock of goods transferred by Walling to the same mercantile company. Thereafter respondent, for the purpose of foreclosing her mortgage, demanded possession of said property, and, the same being refused, she commenced an action in replevin against such receiver for the possession of such goods, and in March 1906, recovered judgment against the receiver for the possession of the said stock of merchandise, or in lieu thereof, the amount adjudged unpaid on the mortgage indebtedness. Thereafter the receiver appealed said judgment to this court, filing on said appeal an undertaking and stay bond executed by the United States Fidelity & Guaranty Company, one of the defendants herein. During the years 1901 and 1902 the appellant sold to the mercantile company, goods, wares, and merchandise, which remaining unpaid for, it commenced an action against said mercantile company, and in December, 1910, obtained a judgment against said company, no part of which has been paid. Thereafter it issued an execution upon said judgment and caused the same to be levied upon respondent's judgment against the receiver, upon the undertaking given by the defendant Fidelity & Guaranty Company, on the appeal above referred to, and upon certain moneys upon deposit with the defendant Custer County Bank, being money the proceeds of the mortgaged merchandise and deposited in the name of or to the credit of the receiver. The appellant was, at the time of commencing action, proceeding to sell the property levied upon to satisfy the judgment it held against the mercantile company. For reasons stated in the complaint, the mortgage given respondent was fraudulent and void as to appellant. Respondent threatens to, and will, unless restrained by the court, proceed to enforce the collection of her judgment, which has been levied upon by appellant as aforesaid, and will issue an execution thereon and collect such judgment out of the moneys on deposit to the credit of the said receiver and by a suit upon the appeal bond hereinbefore mentioned. The respondent is not a resi-

dent of this state and has no property therein aside from the judgment against the said receiver. The complaint prays that the judgment of the mortgagee against the receiver be decreed to be the property of the mercantile company; that the chattel mortgage, which formed the basis of the mortgagee's judgment, be decreed to be void and satisfied as to plaintiff; that plaintiff be decreed to have a valid and subsisting lien upon said judgment by virtue of its levy of execution thereon; that the sheriff's sale made under such execution be decreed to pass a good and sufficient title to said judgment to the purchaser at such sale; that the receiver and the defendant bank be decreed to pay over to the purchaser of said judgment on execution sale the moneys in his hands or on deposit with said bank; that the surety company be required to pay plaintiff, upon the appeal bond given by it, the amount for which it shall be liable; that the mortgagee be restrained during the pendency of the action, and, upon final decree be perpetually restrained and enjoined, from issuing an execution upon her judgment, from in any manner attempting to enforce the same, from asserting any right, title, or interest therein, and from interfering with the purchaser thereof at the sheriff's sale in his ownership and enjoyment thereof; that plaintiff have such other and further relief as may be just, and costs.

A clear understanding as to nature of the chattel mortgage and the proceedings had thereunder may be obtained by reference to the two decisions of this court in the case of Albien v. Smith, 24 S. D. 203, 123 N. W. 675, and 26 S. D. 552, 128 N. W. 714.

An examination of the complaint herein, including the prayer for relief, reveals the fact that, while such complaint contains an allegation to the effect that, under its execution, the plaintiff levied upon money (the proceeds of the stock of merchandise upon deposit in defendant bank to the credit or in the name of the receiver), yet the prayer of the complaint, wherein it asks that the receiver and the bank be directed to pay over this money to whomsoever shall be the purchaser of the judgment, asks for a relief which could not be granted to such purchaser, provided there was also a levy upon such money. In its brief herein appellant states: "It will be noticed that plaintiff's execution was not levied upon the mortgaged property itself, * * * but that it was levied upon a judgment rendered in favor of Mrs. Albien against the receiver

of the vendee of the mortgagor." This statement in the brief is consistent with the prayer of relief, and we shall consider the same true and treat the complaint as though it contained no allegation of a levy upon the money held by the receiver.

[1] Moreover, if the appellant had caused its execution to be levied upon money belonging to the receiver, such levy would have been futile and of no validity, and no title could pass thereby. High on Receivers (4th Ed) § 141; Smith on Receivers, § 45; 34 Cyc. 233.

[2] It will thus be seen that appellant's rights, if any, depend entirely upon the levy and sale of respondent's judgment. It must be remembered that this judgment is one obtained against the receiver for the possession of mortgaged goods which mortgaged goods the receiver was holding as the receiver of the mortgagor, and that the only title which the receiver had, and therefore his only right of possession in and to such property was under and by virtue of the title and right of possession formerly in the mortgagor. This judgment vested in the respondent identically the same rights as he would have acquired if no receiver had been appointed; and, the mortgagor having refused to surrender possession, respondent, in an action of replevin against such mortgagor, had procured judgment.

[3] Upon what possible theory can appellant, claiming the mortgage invalid as against it, but conceding it valid as against the mortgagor, contend that a judgment based upon such mortgage became in effect the property of the judgment debtor and, as such, subject to levy against the said judgment debtor in an action brought by the party claiming a right to procure a superior lien to that of the mortgage? Appellant has no rights which it can acquire by virtue of or under respondent's judgment. Its rights, if any, are opposed to and in conflict with any rights that could be acquired under respondent's judgment. To see the nature of appellant's rights, one need but consider what would be its rights, provided no receiver had been appointed and respondent had secured a judgment in replevin against the mercantile company, which judgment had not yet been satisfied either by the delivery of the property or by the payment of the value thereof. The right of appellant would be to satisfy the judgment out of that property, and, while it might have a right superior to respondents to the ex-

tent of its judgment, it could by no process or procedure based upon its judgment obtain any rights *in respondent's judgment*. The only thing that prevents appellant pursuing its direct remedy by levy and sale of the property of its debtor, as it might, provided there had been no receiver, is the fact that this property is in the hands of the court and not subject to levy and sale; but that does not prevent its bringing a proper action in the nature of a creditor's bill through which to procure an adjudication of the relative rights and interests of all parties in and to the assets of the mercantile company.    An execution sale forms no basis for such an action, and in such an action appellant could acquire no rights under the judgment of respondent, but would be protected in its rights (if it had rights in equity superior to those of respondent) in spite of and in opposition to respondent's rights under her judgment.    Appellant has cited the case of Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.    This case, while it is an authority in support of the proposition that respondent's mortgage was void as against appellant's claims as a creditor of the mercantile company, and would perhaps support a claim that any judgment based thereon is void against appellant, and that appellant might hold respondent accountable for any moneys collected thereon, yet is no authority for the proposition that appellant may enforce its rights by any such procedure as has been attempted in this case; neither has it cited any other authority announcing any rule of law under and by virtue of which it could possibly find support for the procedure followed herein.    If the facts pleaded were such as would support a decree decreeing respondent's judgment "to be the property of the  *  *  * mercantile company," then it is the property of Smith, as the receiver of such company and appellant could not make a valid levy thereon so as to pass any title to an execution purchaser. What we have said in relation to appellant's gaining any rights under or through a levy upon and a sale of respondent's judgment applies to the alleged levy upon the appeal bond.

The order appealed from is affirmed.